STATE, REBECCA R. ALDEN, PROSECUTRIX, v. CITY OF NEWARK AND CITIZENS' GAS LIGHT COMPANY.

1. Where the record of proceedings on tax sale of land is in this court, a writ of *certiorari* may be used, as auxiliary to the former writ, to bring in other parties, to conclude them by the record.
2. In this case, objections to the return made by the city held to be waived by written agreement of counsel

State, Alden, pros., v. Newark.

3. The act of April 2d, 1869, (*Rev.*, p. 1045,) directing that proceedings in which tax sales and conveyances are founded shall not be questioned collaterally, but may be *at any time* reviewed by *certiorari*, &c., is in aid of the ejectment, and should not be so construed as to abridge the time within which such action may be brought.

4. The words *shall have been, or shall be,* in the act passed April 9th, 1875, to heal defects in public notices, are prospective and not retrospective. The intent to make statutes retroactive must clearly appear by express words or by necessary implication.

On *certiorari* to set aside proceedings for sale of land for taxes, and declaration of sale.

Argued at November Term, 1877, before Justices SCUDDER, DIXON and REED.

For the prosecutor, *Cortlandt Parker.*

For the defendants, *T. N. McCarter.*

The opinion of the court was delivered by

SCUDDER, J. These proceedings were before this court on *certiorari* at the suit of the prosecutrix, *Rebecca R. Alden v. Mayor, &c., of Newark,* 7 *Vroom* 288. On motion, David H. Tichenor, who had become owner of the land in controversy, by declaration of sale, and who had warranted the title to another to whom he had conveyed the land sold for taxes, was admitted to defend the title. At that time the Citizens' Gas Light Company had become purchasers of these lots of land, but were not mentioned or defended in that action. Why it was so, does not appear. After the death of Joseph L. Alden, the former owner of these lots at the time they were assessed for taxes, the prosecutrix, his widow, on March 10th 1870, brought an action in the Essex Circuit Court. In June, 1871, the first writ of *certiorari* was sued out by her in aid of her action of ejectment, which was still pending. This practice of attacking the tax title directly by *certiorari*, instead of indirectly by action of eject-

ment, was made necessary by the act passed April 2d, 1869, (*Rev.*, *p.* 1045, § 15,) which enacts that "the proceedings upon which such deeds, declarations of sale and conveyances are founded, shall not be subject to be questioned collaterally, but may be at any time reviewed by *certiorari*, or other proceeding in the Supreme or Circuit Courts." *State, Graham, pros.*, v. *Paterson*, 8 *Vroom* 380.

The former writ of *certiorari* in this case failed in its purpose, because the Citizens' Gas Light Company were not made parties to it, and were not, therefore, bound by its adjudication. *Fleischauer* v. *West Hoboken*, 10 *Vroom* 421.

Hence this writ has been prosecuted to test the title of the gas light company. It is defended by them, and their counsel has made a preliminary motion to set aside and dismiss the writ on the technical ground that there is no record brought here by the writ. The return contains a certified copy of the ordinance, assessment, warrant, return of collector of taxes, notices, advertisements and proceedings, which are in the nature of records, under which the sale of Joseph L. Alden's house and lot of land was made for taxes assessed in 1859. There is technically no record, and these certified copies and papers have been returned for the record. Transscripts are often returned as the record, and sometimes, in judgment of law, are such. *Nichols* v. *State*, 2 *South.* 540; *Morrel* v. *Fearing*, *Spencer* 670; *Browning* v. *Cooper*, 3 *Harr.* 196; *Morris Canal* ads. *State*, 2 *Green* 411; *Stone* v. *Mayor, &c., of New York*, 25 *Wend.* 157.

But the specific objection is, that the record being already in this court in the former suit, it is, in legal contemplation, not in the custody of the city of Newark, to be sent here in answer to the writ. But the record is only removed as to the parties in the former *certiorari*, and a second writ may now be used to bring in other parties, to conclude them by the record. If the record were actually here, there can be no objection to issuing a second writ of *certiorari* as an auxiliary writ to bring in these new parties.

This reason, however, if it were valid, should not prevail.

in this case, because the respective attorneys of the prosecutrix and of the defendants have signed an agreement in writing that the return made by the city to this, writ shall be the return of all parties defendant. The Citizens' Gas Light Company have, by this agreement, joined with the city in making this return, and are bound by it. They cannot object to the validity of their own return.

It is an answer to the further objection that the prosecutrix was not entitled to the writ against these defendants, by reason of the delay in its prosecution, to say that this was a proper matter for the consideration of the justice who allowed the writ, and was passed upon by him. This court will not, therefore, dismiss the writ for laches, unless there is manifest error in its allowance. The act of 1869, above cited, says these proceedings may be, "at any time," reviewed by *certiorari.* With this liberal statutory allowance, the time should be extended in cases like this to at least the period limited for an action of ejectment, otherwise the statute might, in effect, shorten the limitation of time for the recovery of possession of lands within the statutory period of twenty years. As the title cannot be disturbed collaterally by ejectment, the denial of this writ would abridge the prosecutrix's remedy, which does not appear to be the purpose of the act. The *certiorari* is intended to be in aid of the ejectment, not to defeat it.

There is also legal excuse for the delay in prosecuting this writ, in the fact that the prosecutrix was under this disability of coverture when the sale was made, and her action for dower did not accrue until her husband's death, which occurred some time after the deed had been delivered.

In 7 *Vroom* 288, the tax title under which the gas company claim by deed of conveyance, was declared to be invalid, because the notice to delinquent tax-payers to pay tax within twenty days from the date thereof, was dated August 10th, 1860, but was not advertised until August 11th, reducing the time to nineteen days. This was held to be insufficient under the charter, which required twenty days' notice.

Since this decision, in June Term, 1873, an act of the legislature has been passed, (*Rev., p.* 1166,) which enacts that in all cases where public notice for a specified time is required by law to be given, before proceedings are had for the public sale of lands for unpaid taxes, no certificate of sale or tax title shall be set aside and holden for naught, by reason of any variance between the date of such notice and the actual publication thereof, provided that notice *shall have been,* or shall be actually given for the specified number of days prior to such proceedings for public sale. It repeals all acts and parts of acts inconsistent with or repugnant to it. It is claimed that the words " shall have been," in the proviso, relate to the past; that their effect is to heal all irregularities in notices named in the act, which have occurred prior to its passage, and that the statute is intended to be retrospective. It is, however, obvious that all the terms used in this act are prospective, and apply only to the future. This is so, without dispute, in that part of the section which precedes the proviso. In the latter part of the sentence, the only words that are alleged to have a retroactive signification are those already quoted—" shall have been." These words, and the following words " shall be," will not, however, relate to acts that were past when the law was enacted. " Shall have been " is the future perfect tense, which represents an event as completed in future time, and " shall be " represents what will take place in future time. If the legislature had intended to make the law retroactive, it would have been easy to express it by the use of the words *has been* or *had been,* in the present or past perfect tense, or other equivalent words. For an instance of such expression see the act of November 16th, 1795, concerning wills, section nine, construed in *Corlies* v. *Little,* 2 *Green* 384. The words there used are " where any lands have been or shall be given or devised, &c., or have been or shall be thereby ordered or directed to be sold," &c. The court will not assume that the draughtsman of the act was a bad grammarian, in order to make the law retroactive, when there is no other expression in it which indicates

such a purpose. There will be no intendment in favor of a retroactive construction. The rule is to construe all legislative acts prospectively, unless there be a clearly-expressed purpose to make them retrospective, and the language used must be so clear and imperative as not to admit of doubt. This intent must appear by express words or by necessary implication. *Belvidere* v. *Warren R. R. Co.*, 5 *Vroom* 200; *Baldwin* v. *Newark*, 9 *Vroom* 158; *Deegan* v. *Morrow*, 2 *Vroom* 136; *Sedgwick on Stat. and Const. Law* 188, &c.

This statute being ineffectual to cure these defects, and the proceedings upon which the declaration of sale and conveyances are founded having been heretofore decided by this court to be invalid, they remain so, as to this prosecutrix, and will be set aside so far as they affect her dower right in the land sold, with costs.