JOHN BIRCSAK, PROSECUTOR, v. JOSEPH J. NOVAK, CITY CLERK OF GARFIELD, ET AL., DEFENDANTS.

Argued October 5, 1939—Decided January 4, 1940.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutor, *William J. Egan* (*Robert L. Hood,* of counsel).

For the defendants, *Henry L. Janowski* (*James A. Major,* of counsel).

The opinion of the court was delivered by

PARKER, J. This is a contest over the office of Receiver of Taxes of Garfield. Prosecutor, in possession of the office, challenges the action of the Mayor in undertaking to appoint, and of the Council in undertaking to confirm, one Nicholas T. Kuzmack as Receiver of Taxes. *Bradshaw* v. *Camden,* 39 *N. J. L.* 416; *Moore* v. *Bradley Beach,* 87 *Id.* 391; *Murphy* v. *Freeholders,* 92 *Id.* 244; *Stevenson* v. *Bridgeton,* 123 *Id.* 219.

The prosecutor was first appointed to the office in question on January 1st, 1934, for a term fixed by ordinance at two years. He was not formally reappointed on January 1st, 1936, or during that year, but continued to serve *de facto* as a "hold-over" for all of 1936, and was so serving in 1937. On June 2d, 1937, there was enacted chapter 142 of *Pamph. L.* 1937, entitled "An act fixing the term of office of tax collector in municipalities of this state," and the first two sections of which read as follows:

"1. Any person who shall hereafter be appointed or elected to the position or office of tax collector in any municipality in this state shall hold his said office for a period of four years from the date of his said election or appointment."

"2. The term 'tax collector' as used in this act shall be construed to mean and include the official charged with the duty of collecting taxes upon real and personal property in each municipality of this state."

There is a third section saving civil service status, not here material.

On November 10th, 1937, at a Council meeting, the Mayor, as appointing officer, submitted to the Council the appointment of prosecutor "as Receiver of Taxes for a term prescribed by statute" and the appointment was on motion confirmed. Prosecutor duly qualified, and has continued to perform the duties of his office.

On January 1st, 1938, a newly elected Mayor and Council came into office, and on April 12th, 1939, the then Mayor appointed, and the Council confirmed Kuzmack as Receiver of Taxes, as already stated.

A certain political situation seems to be stipulated into the case: but we are concerned solely with questions of legal right. The legal argument is that by *Pamph. L.* 1917, *p.* 840, and *Comp. Stat., p.* 3488, *pl.* 127, the term of office must begin on January 1st. But for the act of 1937 this would be controlling, and for present purposes it may be conceded that apart from that act, the appointment in question would be ineffective. But the 1937 act is specific in its terms and while not expressly repealing prior inconsistent legislation, is perfectly clear in that intent.

The "appointment" of April 12th, 1939, will be set aside, with costs.