This proceeding in lieu of prerogative writ, submitted to the Court for determination upon an agreed Stipulation of Facts, seeks to test title to the office of City Treasurer of the City of Passaic.
Plaintiff's predecessor in office, one La Porte, was appointed on June 10, 1936, for a term of three years, and thereafter, on June 27, 1939, he was appointed for a term ending on the third Tuesday of May, 1943, which term, incidentally, was illegally in excess of that fixed by law. La Porte received no further appointment, but held over until he resigned on June 15, 1946.
On June 17, 1946, plaintiff, De Muro, was appointed "for the term prescribed by law" and performed the duties of his office until December 31, 1948, when he was replaced by defendant, Janeczek, who on that day was appointed to the office "for the term prescribed by law, * * * the said appointment shall be effective as of January 1, 1948 and shall terminate on December 31, 1950."
It is conceded that the ordinance fixed the term of the City Treasurer at three years, and plaintiff, therefore, contends that the term of office under his appointment of June 17, 1946 will not expire until June 17, 1949. Defendant contends that the prescribed three-year term related to the office of City Treasurer, and not to the incumbent thereof, that La Porte's resignation of June 15, 1946 left only a vacancy in a term which expired on June 30, 1948, and that plaintiff's appointment on June 17, 1946 was for the unexpired portion of the term only. Defendant further contends, in the alternative, that under plaintiff's appointment of June 17, 1946, his term ended on December 31, 1946, and accordingly, defendant's appointment on that same day was valid.
It seems obvious that La Porte, after the expiration of his term, was merely a holdover in office, and so subject to displacement at any time at the pleasure of the proper appointing authority. The situation with respect to the appointments of plaintiff and defendant is controlled by R.S. 40:46-6, which provides that: *Page 573 
"The terms of office of all officers appointed or chosen by the mayor or other chief executive officer, or by the governing body of any municipality, except to fill vacancies, shall commence on January first of the year in which they are appointed, and continue for the respective terms fixed by law, when the term is for a definite period."
It is argued that this statute does not apply to commission-governed municipalities, but the act makes no such exclusion, and inconsistent prior legislation is impliedly repealed. In an analogous situation the Supreme Court held that "the act fixing the term of office of tax collectors in municipalities and prescribing a term of four years from date of election or appointment, impliedly repealed inconsistent prior legislation, particularly that providing for a different term and fixing the commencement of the term as January 1." Bircsak v.Novak, 123 N.J.L. 538.
As the appointments of both plaintiff and defendant were "for the term fixed by law," namely, three years, commencing, in accordance with the statute, on January first of the year of the appointment, it is my conclusion that the term of office of plaintiff, De Muro, commenced on January 1, 1946 and continued until December 31, 1948, and that the term of office of defendant, Janeczek, commenced on January 1, 1948 and will continue until December 31, 1950. Judgment, accordingly, for defendant. *Page 574