EDWARD J. ELWELL, PETITIONER-APPELLANT, v. TOWN-
SHIP OF NORTH BERGEN, IN THE COUNTY OF HUD-
SON, RESPONDENT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 2, 1951—Decided April 30, 1951.

Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.

*Mr. Joseph V. Cullum* argued the cause for appellant (*Mr. Joseph V. Cullum* and *Mr. Max A. Boxer,* attorneys).

*Mr. Nicholas S. Schloeder* argued the cause for respondent.

The opinion of the court was delivered by

McGEEHAN, S. J. A. D. The Civil Service Commission, after a hearing, entered an order affirming the layoff of petitioner from his position of foreman, streets and sewers, Township of North Bergen, and directing that his name be placed

upon a reemployment list for certification and appointment to the position of foreman, streets and sewers, or any comparable position in the Township of North Bergen, as vacancies occur. The petitioner appeals.

In 1930 the township adopted an ordinance establishing a street department and providing for one superintendent, three foremen and 38 roadmen. The petitioner, Edward J. Elwell, was appointed a foreman in the road department, and after the adoption of the Civil Service Act by the township in 1947, his position was classified as "Foreman, Streets and Sewers." On June 6, 1949, the commissioner of public works notified the petitioner that for reasons of economy his services were no longer required. Since then, the position has remained unfilled.

█ The first point advanced is that the dismissal was not a *bona fide* attempt to economize, but an evasion of the Civil Service Law in violation of *R. S.* 11:22–12, and a case of political discrimination in violation of *R. S.* 11:22–11.

It is first argued that the layoff of petitioner violated *R. S.* 11:22–12, which provides:

"No person shall be appointed or employed under any title not appropriate to the duties to be performed nor assigned to perform the duties other than those properly pertaining to the position which he legally holds."

and *East Orange v. Civil Service Commission,* 132 *N. J. L.* 181 *(Sup. Ct.* 1944) is cited in support. The whole argument is premised on the petitioner's claim that three foremen are indispensable if the department as now constituted by the township ordinance is to function on the basis of a group of laborers for each of the three wards of the township. The question which the petitioner seeks to raise does not involve jurisdiction, and since it was neither raised nor considered below, the petitioner should not be permitted to raise it here. *State v. Jones,* 4 *N. J.* 207, rehearing denied 4 *N. J.* 347 (1950). We add, however, that there was no proof adduced to support the premise. The duties of the petitioner were

absorbed by his superior, the superintendent of public works, without additional compensation and without any apparent change in the proper functioning of the department.

Next, it is argued that the record discloses that the element of politics contributed substantially to petitioner's dismissal. Assuming this to be so, it is of no aid to the petitioner. The asserted ground was economy and the proofs were insufficient to overcome the presumption of good faith and failed to show impairment of departmental efficiency; therefore, it is of no consequence that other considerations contributed to the layoff. *Schnipper v. Township of North Bergen*, 13 *N. J. Super.* 11 (*App. Div.* 1951); *Kessel v. Civil Service Commission*, 130 *N. J. L.* 618 (*Sup. Ct.* 1943).

The second point is that the dismissal was invalid because the seniority and demotional rights of the petitioner were violated.

Since the position held by the petitioner was created by ordinance and was not abolished, his dismissal was a separation or layoff under *R. S.* 11:22–9, entitling him to the protection given thereunder. *Benzoni v. Dept. of Civil Service*, 10 *N. J. Super.* 103 (*App. Div.* 1950). Under *R. S.* 11:22–9 a person separated from the service has the right to have his name placed upon an eligible list for reinstatement when an opportunity arises; but there is no provision for demotional rights. While demotional rights are given by *R. S.* 11:22–10 to persons whose positions are abolished, this protection has not been extended to persons such as petitioner who are laid off or separated under *R. S.* 11:22–9. *Schnipper v. Township of North Bergen*, above.

In the case of a layoff, seniority rights are protected by Rule 57 of the Civil Service Commission. This rule, in pertinent part, provides: "When it becomes necessary in any department, through lack of work or funds or for other causes, to reduce the number of employees in a given class * * * layoff shall be in the order of seniority, the person or persons last appointed being the first laid off." It does not appear to

require what in private employment is termed the "bumping" of employees junior in service in other equal or lesser classifications. *Schnipper v. Township of North Bergen,* above. Since the petitioner does not claim seniority over either of the two remaining foremen of streets and sewers in the township, we fail to see how his seniority rights have been violated.

Affirmed.