21 N.J. Super. 583 (1952)
91 A.2d 619
FREDERICK E. SIEPER AND JOHN ROGERS, PLAINTIFFS-APPELLANTS,
v.
DEPARTMENT OF CIVIL SERVICE AND BOARD OF COMMISSIONERS OF THE CITY OF PASSAIC, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued August 25, 1952.
Decided September 29, 1952.
*585 Before Judges WM. A. SMITH, FREUND and GOLDMANN.
Mr. Irving I. Rubin argued the cause for the plaintiffs-appellants.
Mr. William N. Gurtman argued the cause for the defendant-respondent Board of Commissioners of the City of Passaic.
The opinion of the court was delivered by FREUND, J.S.C.
The plaintiffs, Frederick E. Sieper and John Rogers, appeal from an order of the Department of Civil Service upholding the action of the City of Passaic which temporarily discontinued their services for reasons of economy.
Rogers was appointed to the Traffic Maintenance Squad in 1935 and in 1937 was made foreman of the Parking Meter and Traffic Maintenance Division. Sieper was appointed inspector of buses on June 15, 1940. Both men were appointed for an indefinite time. On July 13, 1948, the City of Passaic adopted an ordinance creating various positions in the city government, including the positions held by the appellants. On November 2, 1948, the city adopted the provisions of the Civil Service Act and pursuant thereto passed an ordinance containing a classification and duties schedule of the officers and employees of the city. However, the appellants received no appointment to any position subsequent to the adoption of the Civil Service Act. They continued the performance of their duties until March 17, 1950, when they were notified in writing that their services were temporarily discontinued for reasons of economy. Thereafter, on April 20, 1951, the city adopted another ordinance *586 setting forth the various municipal offices and employees, but the positions formerly held by the appellants were not included.
Sieper and Rogers appealed from the action of the city to the defendant, Department of Civil Service. After a hearing, it upheld the municipality's action and ordered that the appellants' names "be continued on the reemployment list for their respective positions for an indefinite period to be certified for consideration for appointment to fill vacancies as they may occur in the city service."
On the appeal before us, the appellants argue that the positions formerly held by them were not in fact abolished and that individuals with other titles and defined duties are performing the work of such positions. Rogers also urges that he is entitled to employment under the demotional rights provisions of the Civil Service Act and rules.
The rule is that a municipality acting in good faith has the power to lay off, terminate or discontinue the services of an employee for reasons of economy. The separation from employment is presumed to be in good faith and the burden is on the employee to show the contrary. Hunziker v. Kent, 111 N.J.L. 565 (Sup. Ct. 1933); Santucci v. Paterson, 113 N.J.L. 192 (Sup. Ct. 1934); Kraibuehler v. Civil Service Commission, 134 N.J.L. 97 (Sup. Ct. 1946); Schnipper v. Township of North Bergen, 13 N.J. Super. 11 (App. Div. 1951); Elwell v. North Bergen Township, 13 N.J. Super. 330 (App. Div. 1951).
Here the evidence established, and the Department of Civil Service found as a fact, that such work as the preparation of traffic plans and reports formerly performed by Sieper, has been eliminated as unnecessary, that other work done by him is now being handled by another employee, and that the work formerly done by Rogers is being performed by other employees who were members of the Traffic Maintenance Department with Rogers. The proofs disclose that no new employees have been hired to perform the work formerly done by the appellants. Thus, Sieper and Rogers *587 have not been replaced, and their rights under R.S. 11:22-9 are protected by the order of the Department of Civil Service that their names remain upon the reemployment list.
The appellant Rogers argues that he is entitled under R.S. 11:22-10 to be demoted to some lesser position. While it is true that at the time the appellants' employment was terminated, their services were merely "temporarily discontinued" and their positions were not abolished, the ordinance of the City of Passaic adopted April 20, 1951, by failing to list the appellants' former positions among the scheduled municipal offices, in effect abolished the two positions. Rogers argues that under R.S. 11:22-10 he then acquired demotional rights.
In the interim between the filing of the briefs and the argument of this appeal, a statutory change occurred which renders consideration of this argument unnecessary. The Legislature enacted chapter 323 of the Laws of 1952, effective June 18, 1952, section 3 of which expressly repeals R.S. 11:22-9 and 11:22-10. Heretofore, R.S. 11:22-9 provided that when any person holding an office or position in the classified service had been separated from the service because of reasons of economy or otherwise, he was entitled to have his name placed upon a special eligible list for reinstatement when opportunity arose, but there was no provision for displacing another employee. R.S. 11:22-10 provided that when the position of a person in the classified service had been abolished for reasons of economy or otherwise, he was entitled, with the approval of the commission, to be demoted to some lesser office or position in the same department. Kraibuehler v. Civil Service Commission, supra.
The new legislation abolishes the distinction drawn by the former statutes R.S. 11:22-9 and 11:22-10, and having become effective before the time for argument and determination of this appeal, it applies. The record does not disclose that the question of demotional rights was argued at the hearing before the Civil Service Commission; and even if it had been, any determination then made would now have to *588 be reviewed in the light of the statutory change. Accordingly, the matter is remanded to the Department of Civil Service for such further consideration as may be appropriate under the new statute, R.S. 11:22-10.1 and 10.2.