31 N.J. Super. 543 (1954)
107 A.2d 505
JOHN ROGERS AND FREDERICK E. SIEPER, PLAINTIFFS-APPELLANTS
v.
DEPARTMENT OF CIVIL SERVICE AND BOARD OF COMMISIONERS OF THE CITY OF PASSAIC, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued July 26, 1954.
Decided August 11, 1954.
*545 Before Judges WOODS, KNIGHT and SULLIVAN.
Mr. Irving I. Rubin argued the cause for the plaintiffs-appellants.
Mr. Aaron Z. Schomer (Mr. William N. Gurtman, counsel) argued the cause for the defendant-respondent, Board of Commissioners of the City of Passaic.
The opinion of the court was delivered by WOODS, J.S.C. (temporarily assigned).
This case was remanded to the Civil Service Commission by the Appellate Division for "such further consideration as may be appropriate under the new statute R.S. 11:22-10.1 and 10.2, N.J.S.A." Sieper v. Dept. of Civil Service, Passaic, 21 N.J. Super. 583 (App. Div., Sept., 1952). After ex parte consideration by the commission and another appeal it was again remanded for a full hearing, which was held on October 27, 1953. The commission in its opinion stated that "we have reviewed and studied every possible basis whereby these two applicants might be demoted to some lesser office or position in the same Department and it is our conclusion that there is no job or position in a lesser category to which they can be demoted." It is from this final judgment or decision of the Department of Civil Service that plaintiffs appeal.
We have been asked to decide whether the plaintiffs are entitled to any demotional rights under L. 1952, c. 323, §§ 1 and 2 (R.S. 11:22-10.1 and 10.2) and if so whether these demotional rights were violated by the ruling of the Civil Service Commission.
L. 1952, c. 323, § 1 (R.S. 11:22-10.1) provides:
"When an employee of a county, municipality, or a school district of this State, or any other agency operating under the provisions of subtitle three, of Title 11 of the Revised Statutes, holding an office or position in the classified service who has been heretofore or is *546 hereafter separated from such service because of economy or otherwise, and not because of any delinquency or misconduct on his part, or whose position or office has been or shall hereafter be abolished, such employee shall, whenever possible, be demoted to some lesser office or position, in such school district or agency or in the same department or organization unit of such county or municipality, in the regular order of demotion and according to efficiency records and/or seniority, and placed therein with the salary or pay attached; and his name shall be placed upon a special re-employment list, which list shall take precedence over all other civil service lists. The chief examiner and secretary, with the approval of the president of the Civil Service Commission, shall determine the lesser office or position to which such employee may be demoted." L. 1952, c. 323, p. 1046, § 1, supplementing Title 11, c. 22, Effective June 18, 1952.
As we interpret this statute, it becomes mandatory upon the employing body to demote any employee who is removed from his employment or position for any cause except delinquency or misconduct, to some lesser office or position in the same department or organization unit, having in mind efficiency record and seniority, wherever such demotion is possible and his name shall also be placed on a special re-employment list. See Covey v. City of Plainfield, 11 N.J. 375 (1953). But it is up to the chief examiner and the secretary of the Civil Service Commission with the approval of the president, to determine the lesser office or position to which such employee may be demoted.
Here there is no forceful, pressed denial that the plaintiffs-appellants are entitled to have demotional positions. The only question is: Are there any lesser positions available to which they might be demoted? This is a question which must be decided by the commission and unless it is proven that the commission has acted capriciously, arbitrarily and beyond the scope of the proofs submitted, this court will not interfere.
Demotional rights as provided by the statute do not "require what in private employment is termed the `bumping' of employees junior in service in other equal or lesser classifications." Schnipper v. Township of North Bergen, 13 N.J. Super. 11 (App. Div. 1951); Elwell v. North Bergen Township, 13 N.J. Super. 330 (App. Div. 1951).
*547 Both plaintiffs are veterans and served under the Department of Public Safety; Rogers as foreman of the Parking Meter and Traffic Maintenance Division and Sieper as Transportation Inspector. Both positions have now been abolished in that they were omitted from an ordinance adopted by the City of Passaic on April 20, 1951, which ordinance set forth the various municipal offices and employees. (Plaintiffs were notified in writing on March 17, 1950 that their employment was temporarily discontinued for reasons of economy.) They appear to have seniority rights over all other employees in the Parking Meter and Traffic Maintenance Division. They are presently listed on the "special re-employment list, which list shall take precedence over all other civil service lists. * * *"
The Civil Service Commission asserts that in its disposition of the case it took into consideration:
1. The title held by the plaintiffs when they were employed and the duties which these titles described.
2. The relationship of the salaries paid to plaintiffs and the salaries assigned to the positions.
3. The relationship between the titles held by the plaintiffs and other titles in the department.
4. The effect that the employment of the plaintiffs would have on the services offered by the municipality.
And, while these statements are set forth in the opinion of the commission, they "go to matters which, failing proof contra, are to be presumed. It is not to be presumed that the commission did not do its duty. * * * The substantial fact is that the commission did, after full and extended hearings, approve the layoffs as of the time they were made" and conclude that there were no lesser positions to which they were entitled to be demoted. "And nothing has been presented before us which calls for an invalidation of that approval." Kraibuehler v. Civil Service Commission, 134 N.J.L. 97 (Sup. Ct. 1946).
The findings of the Civil Service Commission are affirmed. Plaintiffs-appellants have not been deprived of any rights accorded under the statute. The appeal is dismissed.