166 N.J. Super. 117 (1979)
398 A.2d 1355
PHILIP J. GALFO, PLAINTIFF,
v.
TOWNSHIP OF ROCHELLE PARK AND WILLIAM MONTAGUE, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 31, 1979.
*118 Mr. Richard J. Donohue for plaintiff.
Mr. Jay R. Atkins for defendants (Messrs. Skiba, Atkins & Eschwege, attorneys).
SMITH, J.S.C.
On January 1, 1968 plaintiff Philip Galfo was appointed to a one-year term as municipal finance officer for defendant Township of Rochelle Park. He received four successive annual reappointments and served in that capacity for five consecutive years. On January 1, 1973 he was replaced *119 by defendant William Montague and did not recapture that office until January 1, 1977 when the political pendulum once again swung in his favor. He was reappointed for the year 1978 and in June of that year he was granted tenure as municipal finance officer by the township committee.[1] At the reorganization meeting of January 1, 1979, despite Galfo's claim of tenure, the township committee once again installed Montague as municipal finance officer.
Plaintiff, by way of order to show cause, instituted this suit to void the appointment of Montague and compel the township committee to reinstate him. On the return day the matter was submitted on pleadings and affidavits for final judgment. R. 4:67-5.
Plaintiff's claim of tenure is based upon a statute that was enacted on March 14, 1977 and provides in pertinent part that
* * * every person who shall have served as the municipal finance officer of any municipality in this State * * * for a period of not less than 5 consecutive years and who is a holder of a municipal finance officer certificate * * * shall be granted tenure of office upon filing with the clerk of the municipality and with the Division of Local Government Services in the Department of Community Affairs a notification evidencing his compliance with this section. [N.J.S.A. 40A:9-140.8; emphasis supplied]
Plaintiff alleges that as a certified municipal finance officer with five consecutive years of service, he complies with all the statutory criteria and is entitled to tenure. Further, that the period in office from January 1, 1968 through December 31, 1972 must be counted towards his eligibility for tenure although it terminated long before promulgation of the statute; at most, the hiatus from 1973 to 1977 was an interruption and all his services should be cumulative. See Libby *120 v. Union Cty. Bd. of Freeholders, 125 N.J. Super. 471 (App. Div. 1973).
Defendants contend that prior completed terms cannot be applied to fulfill the statutory requirement unless the municipal finance officer was certified at the time of service. Since Galfo did not obtain a municipal finance officer certificate until April 28, 1972, he is only entitled to credit for continuous service from that date. Consequently, he fails to comply with the statutory minimum.
Plaintiff's right to tenure depends upon judicial construction of the critical words "shall have served." Since neither the rules of grammar nor statutory interpretation have materially changed in the last 100 years, we begin with an analysis of State, Alden, pros. v. Newark, 40 N.J.L. 92 (Sup. Ct. 1878). That case turned upon the effectiveness of similar language:
* * * "Shall have been" is the future perfect tense, which represents an event as completed in future time, and "shall be" represents what will take place in future time. If the legislature had intended to make law retroactive, it would have been easy to express it by the use of the words has been or had been, in the present or past perfect tense, or other equivalent words. [at 96]
"Shall have served" is the future perfect tense, which represents an event as completed in future time. If the Legislature had intended to give retroactive credit, it would have been easy to express it by use of the words "has served" or "had served," in the present or pluperfect tense, or other similar words. Additional evidence of legislative intent is found not only in the absence of such language but by its inclusion in related predecessor statutes: N.J.S.A. 40:145-14.1 (any treasurer or custodian of school records who "has held, or shall continue to hold, and when any person shall have held said offices, positions or employments for twenty years from the date of his original appointment"); N.J.S.A. 40A:9-152 ("whenever a person has or shall have held the office of municipal treasurer for 10 consecutive *121 years"). Elimination of all reference to present, past and pluperfect tenses can be construed only as an intentional act on the part of the Legislature. N.J.S.A. 40A:9-140.8 has isolated the future perfect tense by stating "every person who shall have served as the municipal finance officer * * * for a period of not less than 5 consecutive years" may be entitled to tenure. Completion of the five consecutive years of service must occur after March 14, 1977, its effective date. The language set forth a century ago in State, Alden, pros., supra, bears repeating today:
* * * The court shall not assume that the draughtsman of the act was a bad grammarian, in order to make the law retroactive, when there is no other expression in it which indicates such a purpose. * * * [40 N.J.L. at 96]
Furthermore, the tenure statute was enacted approximately five years after the Legislature enumerated and upgraded qualifications for certification of municipal finance officers, N.J.S.A. 40A:9-140.2, effective January 20, 1972. That time span reflects a legislative purport that the five consecutive years of service necessary for tenure take place subsequent to the upgrading of requirements. Plaintiff became certified in April 1972 but has completed only two consecutive years in office as the holder of a required certificate.
Galfo's contention that his term of office was merely interrupted rather than terminated when he was out of office between 1973 and 1977 is without merit. His original term ended on December 31, 1972 when he was not reappointed. De Muro v. Janeczek, 2 N.J. Super. 570 (Law Div. 1949).
Although plaintiff has served five consecutive years as Rochelle Park's municipal finance officer and is the holder of a requisite certificate, his compliance with the tenure statute is apparent rather than real. For the foregoing reasons, judgment will be entered in favor of defendants.
NOTES
[1] Pursuant to N.J.S.A. 40A:9-140.2, Galfo completed certain educational requirements to become eligible for certification from the Division of Government Services and was certified as a municipal finance officer on April 28, 1972.