259 N.J. Super. 350 (1990)
613 A.2d 497
THOMAS J. GERAGHTY, JR., PLAINTIFF,
v.
THE TOWNSHIP OF BERKELEY HEIGHTS, JEFFREY W. MACCARELLI, DANIEL W. SEIB, JR., LILLIAN J. WEISGERBER AND ALBERT J. BOYANCE, DEFENDANTS.
Superior Court of New Jersey, Law Division Union County..
Decided March 19, 1990.
*352 Kunzman, Coley, Yospin & Bernstein, P.A. (for plaintiff), Stephen J. Bernstein, appearing.
Savage and Serio, P.A. (for defendant Township of Berkeley Heights), Thomas J. Savage appearing.
Joseph P. Depa, Jr., (for defendants Jeffrey W. Maccarelli, Daniel W. Seib, Jr., Lillian J. Weisgerber and Albert J. Boyance).
*353 BEGLIN, A.J.S.C.
Plaintiff Thomas J. Geraghty, Jr. appears to have begun his employment with defendant Township of Berkeley Heights in 1977 when he was appointed its part-time Treasurer and Assistant Tax Collector. Later in 1977, Mr. Geraghty was appointed acting Tax Collector and was reappointed to that position through 1978. He continued as part-time Treasurer until the position was abolished as of September 2, 1988. [Berkeley Heights is not a municipality in the classified service under Title 11A (civil service)].
On March 14, 1977, L. 1977, c. 39 took effect (N.J.S.A. 40A:9-140.7 et seq.). This statute provides that one "who shall have served as the municipal finance officer of any municipality (i.e., treasurer) ... for a period of not less than five consecutive years and who is a holder of a municipal finance officer certificate ... shall be granted tenure of office ... and shall continue to hold office during good behavior ..." N.J.S.A. 40A:9-140.8.[1]
Mr. Geraghty was issued a Municipal Finance Officer Certificate by the Division of Local Government Services of the N.J. Department of Community Affairs on January 31, 1984, and on October 16, 1984 the Director of the Division congratulated him "on achieving tenure pursuant to 40A:9-140.8". He therefore claims the Township could not remove him from that position except for just cause and then only after a public hearing upon a written complaint. The Township, on the other hand, claims it could remove him in this fashion because he had not yet attained tenure as its Treasurer, urging that under the cited statute, tenure is not achieved until one serves in the position for five consecutive years after securing the Municipal Finance Officer Certificate. As that would not have occurred until *354 January 31, 1989, the Township asserts it was free to terminate plaintiff's employment as Treasurer, as it did in 1988[2].
The Bureau of Local Management Services of the Division had conducted a study at the request of the governing body and presented its recommendations in a Salary Survey and Classification Study dated April 1988. Among other things, it recommended creation of a full-time Tax Collector/Treasurer position. It appears that the tenured Tax Collector had retired June 30, 1987, and the incumbent Tax Collector resigned May 20, 1988. The result of all of this was the adoption of an ordinance on July 5, 1988 implementing the study's recommendation. It amended the Administrative Code, combining the two separate positions into a single Treasurer/Tax Collector position. By subsequent resolution, a full-time appointment was made to that position, thereby effectively terminating Mr. Geraghty's appointment as Treasurer on September 2, 1988.
Galfo v. Township of Rochelle Park, 166 N.J. Super. 117, 398 A.2d 1355 (Law Div. 1979), aff'd. o.b. 173 N.J. Super. 234, 413 A.2d 995 (App.Div. 1980) held that, for one to achieve tenure as a municipal finance officer, completion of the five consecutive years of service must occur after March 14, 1977, the effective date of N.J.S.A. 40A:9-140.8. As of September 2, 1988, Mr. Geraghty,  although a certified Municipal Finance Officer,  had not served five consecutive years as treasurer, since his certificate was issued on January 31, 1984. In Galfo, the plaintiff had completed only two consecutive years in office after receiving the required certificate before being replaced, and therefore was found not to have tenure in the position. Here, Mr. Geraghty had served over 11 consecutive years as Treasurer, which for all practical purposes were after N.J.S.A. 40A:9-140.8 took effect.
*355 Is the date he obtained certification the starting date for measuring the five years of consecutive service? Galfo does not answer that question, nor does any other reported decision. Galfo recognized a legislative purpose of having "the five consecutive years of service necessary for tenure take place subsequent to the upgrading of requirements" for municipal finance officers. Id., at 121, 398 A.2d 1355. But here, Mr. Geraghty fulfilled all requirements and qualifications for certification in 1984, when he had already served over five consecutive years in the position. Nothing appears to be gained by requiring one such as plaintiff to serve another five consecutive years after receiving certification. The legislative intent of granting tenure to experienced and certified office holders already has been met. Certainly the 1977 statute should be given prospective effect as Galfo determined, but it should not be read so as to require five years of continuous experience in the position after receiving certification as the only way for a municipal treasurer to achieve tenure. Having fulfilled the requirement of serving as the Township's Treasurer for at least five consecutive years and becoming a certified municipal finance officer, Mr. Geraghty had achieved tenure during good behavior and efficiency by operation of law. The governing body therefore could not by its 1988 resolution appointing another, remove him from that office, since no complaint setting forth charges had been filed against him.[3]
The Township argues, however, that it nevertheless had the power to create the single position of Treasurer/Tax Collector and in so doing abolish plaintiff's part-time position as Treasurer *356 whether or not he was tenured. Townships, pursuant to N.J.S.A. 40:145-12, are required to provide for a tax collector in the manner generally prescribed by law (see N.J.S.A. 40A:9-141 et seq.). The appointment and employment of a treasurer, however, is permissive. Although the same person may hold both offices, the duties, terms of office and tenure provisions differ. See generally, L. 1979, c. 384, N.J.S.A. 40A:9-141 et seq. Tax collectors collect taxes and if qualified are issued tax collector certificates by the Division of Local Finance. Treasurers are among those qualified to be classified as municipal finance officers and receive municipal finance officer certification by the Division of Local Government Services. The two are not the same.
To the extent Mr. Geraghty, as a tenured treasurer, seeks reinstatement to that position, his motion for partial summary judgment must be denied. That is because such implicates another issue, i.e., the validity of the Township's reorganization effort as it affects plaintiff. In furtherance of this argument, plaintiff urges that since the certified municipal finance officer is the chief financial officer of the municipality (N.J.S.A. 40A:9-140.1) and the statute requires the governing body to create such a position by ordinance, N.J.S.A. 40A:9-140.10, the position of treasurer could therefore not be abolished. This argument misreads the statutory scheme. The chief financial officer is not a mandated municipal office, as is tax collector. N.J.S.A. 40A:9-140.10 and 141 provide, respectively, that the positions of chief financial officer and tax collector are to be created by ordinance which shall fix the compensation for the office, but under N.J.S.A. 40:145-12, only certain positions are required to be created under the township form of government. A tax collector is included, but a treasurer (or chief financial officer) is not. Indeed, as stated earlier, a tax collector and treasurer may be the same person, but the positions are quite different.
*357 Mr. Geraghty also challenges the good faith of the governing body and its majority members who are named as individual defendants in their assertion of economy and reorganization as the reasons for his termination. These are fact questions, i.e., whether such was the desire of the township and its representatives, or whether it was to effectuate his removal. Schnipper v. Township of North Bergen, 13 N.J. Super. 11, 80 A.2d 118 (App.Div. 1951).
(T)he rule is that a municipality acting in good faith has the power to lay off, terminate or discontinue the services of an employee for reasons of economy. The separation from employment is presumed to be in good faith and the burden is on the employee to show the contrary. Sieper v. Dept. of Civil Service, Passaic, 21 N.J. Super. 583 at 586 [91 A.2d 619] (App.Div. 1952).
It has long been established that a municipality may in appropriate circumstances abolish positions of public employment when no longer needed, when government is being reorganized, or when economies or greater efficiency in service are to be effected. All are deemed to further the public interest. Chirichella v. Dept. of Civil Service, Hoboken, 31 N.J. Super. 404, 107 A.2d 55 (App.Div. 1954). Also, the fact that one is appointed for a definitive term does not preclude abolition of the position. McCartney v. Franco, 87 N.J. Super. 292, 209 A.2d 329 (App.Div. 1965). Whether tenured or holding a fixed term, there is implied "within a contract of public employment the provision that the position might be subject to a bona fide termination for reasons of economy". Stone v. Old Bridge Township, 215 N.J. Super. 361, 369, 521 A.2d 1329 (App.Div. 1987), rev. 111 N.J. 110, 543 A.2d 431 (1988). As the Supreme Court noted in Stone, so long as the governmental unit is exercising its statutory powers, promoting its legitimate objectives and achieving proper governmental purposes and does so in good faith, it may lawfully terminate a fixed term (or tenured) employee. Id., 111 N.J. at 122, 543 A.2d 431. Such is the common law rule governing public employment.
Given the allegations of the complaint, plaintiff is entitled to a plenary hearing on the issue of whether in combining the offices of Tax Collector and Treasurer, the Township or its *358 representatives acted in bad faith, solely for political purposes, and to terminate his employment; or whether it acted in furtherance of a reorganization plan which sought to achieve greater efficiency and economy in providing governmental services to the Township.
In his complaint plaintiff seeks, in addition to reinstatement and recovery of lost income and fringe benefits, damages for humiliation, pain, suffering, emotional distress and loss of reputation. Such damages are not recoverable. The New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., addresses those instances where a public entity is to be found liable for its negligence, when previously the common law doctrine of sovereign immunity applied. The contentions of plaintiff, however, are not tort claims. They are claims arising from his employment with the Township, founded in contract and statute, not negligence claims arising in tort law. For that reason, the Act defines "injury" as what "a person may suffer that would be actionable if inflicted by a private person" N.J.S.A. 59:1-3. (See as well the type of information to be included in a claim and on a claim form under N.J.S.A. 59:8-4 & 6).
A tort has been defined as (a) private or civil wrong or injury, other than breach of contract, for which the court will provide a remedy in the form of an action for damages. Black's Law Dictionary, 1335 (5 ed. 1979), Prosser & Keeton, The Law of Torts 2 (5 ed. 1984).
The civil law recognizes the tort action as a means by which the injured party may seek to be compensated by the wrongdoer for the injury or damage suffered. In public employment, however, another form of redress is provided which obviates the need to resort to the general tort remedy. Traditional notions of negligence and duty do not enter into consideration, as government was never immune from a determination that if it treated its employee wrongly, the employee was to be made whole. Incidental damages beyond that were never deemed appropriate. See Fuchilla v. Layman, 109 N.J. 319, 537 A.2d 652 (1988), Handler, J. concurring, at 338. It is for this reason as well that case law holds that one may not be discharged *359 from public employment without a due process hearing. See Connell v. Higginbotham, 403 U.S. 207, 91 S.Ct. 1772, 29 L.Ed.2d 418 (1971) and cases cited therein.
Plaintiff was an employee protected by statutory tenure who could only be discharged upon notice and hearing. If at trial his termination is found to have been wrongful, what relief would be appropriate? He would be entitled to reinstatement with back pay, that is, restoration of the status quo ante by making him whole, since it would have been determined that he was not validly terminated. See Nicoletta v. No. Jersey District Water Supply Comm., 77 N.J. 145, 390 A.2d 90 (1978), Pashman, J., concurring, 77 N.J. at 177, 390 A.2d at 106, and Dlugosz v. Fred S. James & Co., 212 N.J. Super. 175, 514 A.2d 538 (Law Div. 1986). Such is the sense of the statutory scheme. Is he nevertheless also entitled to claim damages for wrongful termination? The cause of action for a discharge violative of state law or public policy first recognized in Pierce v. Ortho Pharmaceutical Corp., 84 N.J. 58, 417 A.2d 505 (1980) has never been extended to a public employee such as plaintiff. It is only recognized within the private employment relationship, where different policy considerations are implicated and there is no separate statutory regulation. See English v. College of Medicine & Dentistry of N.J., 73 N.J. 20, 372 A.2d 295 (1977). Plaintiffs wrongfully discharged from public employment are afforded a complete remedy by obtaining reinstatement with back pay. Such is not always possible or desirable in private employment so that the more traditional tort remedy of damages for the injury sustained is deemed appropriate. This does not mean, however, that the individual defendants may not be held liable for punitive damages should they be found to have acted in bad faith in terminating plaintiff's employment.
For these reasons, partial summary judgment is awarded plaintiff determining that he held tenure as Township Treasurer under N.J.S.A. 40A:9-140.8. His motion and the defendants' cross motions for summary judgment on the validity of the termination of his employment are denied as they involve *360 questions of fact. Defendants' motions dismissing all claims for monetary damages beyond reinstatement with restoration of back pay and all fringe benefits, except the punitive damage claim against the four individual defendants, are granted. An appropriate order encompassing these determinations shall be submitted by the Township's counsel pursuant to the 5-day provisions of R. 4:42-1(c).
NOTES
[1] The statute was amended by L. 1988, c. 110, effective August 22, 1988, to replace the phrase "shall have served as the municipal finance officer" with the phrase "is serving as the chief financial officer ... and has served in that position". The amendment is not significant to this decision.
[2] It is agreed plaintiff is not separately qualified to hold the position of Tax Collector (see N.J.S.A. 40A:9-141 et seq.).
[3] Since the matter was argued, and at the court's request, it has been learned that the Division of Local Government Services considers one to have tenure in office if that person has served as municipal finance officer of a municipality for not less than five consecutive years and holds a municipal finance officer certificate at the time of filing the notification evidencing compliance with N.J.S.A. 40A:9-140.8. The Division, in other words, does not consider it necessary that the individual have held the certificate for the entire five-year consecutive period.