257 N.J. Super. 108 (1992)
607 A.2d 1366
CECILE E. COLE AND DAVID A. COLE, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
TOWNSHIP OF ROXBURY, MORRIS COUNTY, THE MAYOR AND COUNCIL OF THE TOWNSHIP OF ROXBURY, JAMES ZOUVELEKIS, INDIVIDUALLY AND AS MUNICIPAL MANAGER OF THE TOWNSHIP OF ROXBURY, HENRY CROUSE, GEORGE POLICASTRO, CHUCK DAWSON AND ANTHONY POLLARD, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 27, 1992.
Decided June 16, 1992.
*110 Before Judges PRESSLER, SHEBELL and D'ANNUNZIO.
Donald S. Goldman argued the cause for appellants (Harkavy, Goldman, Goldman & Caprio, attorneys).
Richard D. Pompelio and Frank N. Yurasko argued the cause for respondents Township of Roxbury, Morris County, The Mayor and Council of the Township of Roxbury, Henry Crouse, George Policastro, Chuck Dawson and Anthony Pollard.
Clifford J. Weininger argued the cause for respondent James Zouvelekis (Robert M. Zaleski, on the brief).
The opinion of the court was delivered by PRESSLER, P.J.A.D.
Plaintiff Cecile E. Cole, whose husband David A. Cole sued per quod, filed this complaint against the Township of Roxbury, its municipal manager, mayor, and council members seeking, on a variety of theories, both compensatory and punitive damages for her alleged wrongful discharge in June 1988 from her position as the township's chief financial officer. Among her claims was the contention that having achieved tenure pursuant to N.J.S.A. 40A:9-140.8, she was subject to termination only for good cause established at a proper hearing. Since the township had ultimately denied her tenured status, that issue was bifurcated and separately tried. Following trial, the court concluded that plaintiff had failed to acquire tenure under the statute. It also then dismissed her remaining counts. She appeals. We reverse.
*111 We consider the facts and the trial judge's findings in the light of the applicable statute. N.J.S.A. 40A:9-140.8, as adopted by L. 1977, c. 39, § 2,[1] provides in full as follows:
Notwithstanding the provisions of any other law to the contrary, every person who shall have served as the municipal finance officer of any municipality in this State, except any municipality having adopted any of the plans under articles 7 (Major Council Plan E) and 8 (Major Council Plan F) of the "Optional Municipal Charter Law," P.L. 1950, c. 210 (C. 40:69A-68 through 80), for a period of not less than 5 consecutive years and who is a holder of a municipal finance officer certificate issued in accordance with P.L. 1971, c. 413 (C. 40A:9-140.1 et seq.), shall be granted tenure of office upon filing with the clerk of the municipality and with the Division of Local Government Services in the Department of Community Affairs a notification evidencing his compliance with this section, and shall continue to hold office during good behavior and efficiency, and shall not be removed therefrom except for just cause and then only after a public hearing upon a written complaint setting forth the charge or charges against him pursuant to section 3 of this act [footnote omitted] or upon revocation of certification by the director of the Division of Local Government Services pursuant to section 5 of P.L. 1971, c. 413 (C. 40A:9-140.5).
The statute thus prescribes three conditions for achieving tenure in the office of municipal finance officer. First is service in that position for a period of not less than five consecutive years. Second is the obtaining of the requisite municipal finance officer certificate from the Division of Local Government Services (Division). Third is the filing with the municipal clerk and the Division of "a notification evidencing ... compliance" with the first two requirements. Plaintiff claimed to have met all three conditions. Defendants denied that she had met any. The trial judge concluded that she had met only the first two and not the third. While we are in full concurrence with the trial judge's findings and conclusions as to the first two conditions, we disagree with his findings and conclusions as to the third.
*112 According to the record, plaintiff was first employed by the township in 1970 and worked for it continuously until her firing in June 1988. She claims to have acted as chief financial officer since 1977. Because of what the trial judge described as the disarrayed and apparently inadequate state of the records of municipal action over the years, he was only able to conclude that plaintiff had served as chief financial officer continuously since 1979. He did not find that she had not so served in 1977 and 1978 but only that the state of the municipal records did not permit him affirmatively to find that she had. We are in complete agreement with the trial judge's conclusions as to the period of 1979 forward. The record permits no other conclusion than that plaintiff had so served under color of right to the office, that her service was regularly acknowledged in a myriad of ways by the municipality and its officials, and that it was she alone who had signed all municipal documents required to be filed with the Division by the chief financial officer. Consequently, by the middle of 1988 she had over nine years of such continuous service.
It is also not disputed that plaintiff was accorded the requisite certificate by the Division in January 1987. The township, however, relying on Galfo v. Township of Rochelle Park, 166 N.J. Super. 117, 398 A.2d 1355 (Law Div. 1979), aff'd o.b., 173 N.J. Super. 234, 413 A.2d 995 (App.Div. 1980), asserted that her acquisition of the certificate on that date was insufficient to meet the statutory requirement. It argued that the statute must be read to require that the officer must have held the certificate at least for the minimum five-year period relied on for tenure. We agree with the trial judge's rejection of this contention. The issue in Galfo was not, as here, whether the claimant was required to be certified during the entire five-year period of service. There the office holder had served for five consecutive years from January 1, 1968, to December 31, 1973. He obtained his certificate in April 1972. He was replaced from January 1973 to December 31, 1976, and resumed his office on January 1, 1977. N.J.S.A. 40A:9-140.8 was adopted in 1977. *113 The question before the court was whether tenure would attach to five consecutive years of service completed prior to enactment of the statute. The court, relying on the phrase "shall have served," concluded that "[c]ompletion of the five consecutive years of service must occur after March 14, 1977, its effective date." Thus as we read Galfo, it did not hold that the certificate had to be held for the full five-year period supporting tenure. Moreover, we are persuaded that the import of the 1988 statutory amendment, see n. 1, supra, was a legislative disagreement with Galfo's grammatical parsing. In any event that case has no direct applicability here.
Although the trial judge was satisfied, as are we, that plaintiff had both the certificate and the period of service necessary for tenure, he concluded that she had not complied with the third statutory requirement, notification of compliance to the municipal clerk and the Division. This is what the record shows. First, in December 1986, John Shortino, then the municipal clerk, executed a certificate stating as follows:
I, John Shortino, Municipal Clerk, certify that Cecile E. Cole, served as "Municipal Finance Officer" as defined in N.J.S.A. 40A:9-140.1 et seq., for the "local unit" of Roxbury Township as defined in N.J.S.A. 40A:9-140.1 et seq., from the period January 1, 1978 thru and including today's date, December 22, 1986.
We note that even if plaintiff's service had not begun until 1979, as found by the trial judge, that certificate covered a period well in excess of five years. We further note that the document was retained in the records of the township and that it was also, with plaintiff's knowledge, sent to the Division for inclusion in its records. Indeed, the Division's representative who testified at the hearing acknowledged that that certificate was in plaintiff's file maintained by the Division.
As we have pointed out, it was only shortly after the execution of the clerk's certificate, namely in January 1987, that plaintiff's application for the financial officer's certificate was approved. The inference is thus clear that the clerk's certificate *114 and her application for her certificate were filed with the Division at about the same time and with the intention by plaintiff of satisfying the terms and conditions of the tenure statute.
On August 3, 1987, plaintiff sent a letter to the municipal clerk reading in full as follows:
In accordance with N.J.S.A. 40A:9-140.8, this letter will serve as notification of compliance with the Statute in establishing my tenure of office as Municipal Finance Officer for the Township of Roxbury.
Attached to this notification is a copy of my Municipal Finance Officer Certificate as issued in accordance with Public Laws of 1971, Chapter 413.
Would you be kind enough to enter this notification into the Minutes of the next regularly scheduled meeting of the Township Council.
In accordance with her request, the letter was spread on the minutes of the August 10, 1987, council meeting. Also on August 3, 1987, plaintiff sent a copy of the letter by certified mail, return receipt requested, to the Division. It appears that she sent no additional information to the Division. The import of her testimony, however, is that the Division, which had issued her certificate to her, necessarily had that information in its records. It already had in its records Shortino's December 1986 certificate. Consequently, its own records showed her compliance with the first two conditions of the statute. With respect to her letter to the municipal clerk, she included a copy of her financial officer's certificate. Her compliance with the service requirement was clearly, by then, a matter of municipal record and, she assumed, not necessary to reiterate or document. Thus she believed that by the spread of her letter to the clerk on the council minutes and her receipt of the certified mailing card from the Division, her achievement of tenure was evidenced.
As it turned out, the Division, on receipt of her letter, had written to her requesting further information respecting proof *115 of her appointment.[2] She testified, however, that she had not received that letter, and the trial court accepted that testimony.
Based on the foregoing facts, the trial judge concluded that although the tenure statute is self-executing, as it clearly is, and although plaintiff had in fact met the time of service and certification requirements, she had nevertheless not acquired tenure because she had failed to meet the statutory requirement of a "notification evidencing ... compliance." He reasoned that her letter, itself unaccompanied by documentation, was nothing more than a "naked claim" of tenure because it did not itself "set forth some evidence of compliance." He concluded that:
Now, you will notice the letter, the notification doesn't say anything about having served five years. And it does not give any evidence of having served five years. It seems to me that the notice is deficient under the statute.
It's not that, it's not that there was required by statute to be a decision by the Director of the Department of Community Affairs. That's not what I'm saying.
What I am saying is the statute would be self-executing provided there was compliance with its mechanical terms. And the compliance would have to, would have to be a notification, not just a notification but "a notification evidencing his compliance with this section."
There is nothing in the notification that says anything about serving five years, furnishes any proof with respect to it, furnishes any periods with respect to it.
We are persuaded that the trial judge's views were erroneously rigid, restrictive and mechanistic. To begin with, as the Division's representative testified, there is no rule, regulation or specifically required form governing the giving of statutory notice. Each claimant for tenure simply takes such action by way of notification as he or she believes, on his or her own judgment, will comply with the statute. And that is what plaintiff did here.
*116 Clearly had plaintiff enclosed in her letter to the Division copies of the two relevant documents, her financial officer's certificate and the clerk's certificate, her claim to tenure could not have been deemed "naked." She can hardly be visited with the draconian consequences of having forfeited the tenure to which she was entitled by reason of not having enclosed these documents when she knew the Division already had these documents in its records. Moreover, the statute, while it could have, does not make the Division's satisfaction with the "evidence of compliance" a condition of achieving tenure. We are loathe to read such a condition into the statute in the circumstances here, namely, a judicial finding of actual compliance with the conditions expressly required to be "evidenced" and the failure of both the statute and the Division to have specified in advance the nature of satisfactory evidence. Thus in view of what plaintiff was entitled to assume respecting the contents of both the Division's and the township's files, what she did was patently reasonable and, in our view, patently in substantial compliance with the statutory notification requirement. See, e.g., Bernstein v. Bd. of Trust. Teachers' Pen. & Ann., 151 N.J. Super. 71, 76-77, 376 A.2d 563 (App.Div. 1977); Houman v. Mayor & Coun. Bor. Pompton Lakes, 155 N.J. Super. 129, 169-170, 382 A.2d 413 (Law Div. 1977).
We further point out that in the absence of any rule, regulation, or Division form, the substantive content of the statutory phrase, "notification evidencing ... compliance," must be regarded as ambiguous. After all, the attorneys and the judge at the trial argued and considered its meaning at length and much of the presentation by the attorneys at oral argument of this appeal concerned the meaning of that phrase. Plaintiff is a lay person. Her interpretation of the statutory requirement was altogether reasonable under the circumstances, and her actions in accordance with her interpretation were clearly adequate to assure her of the benefits of its tenure consequences. Obviously the road to tenure is not supposed to be a mine field laid with *117 hidden traps in which one essentially inconsequential procedural misstep is fatal.
Finally, we note that from the time of plaintiff's notification of her tenure to the clerk, the township well understood that she had achieved tenure and had acknowledged both the fact of her tenure and its understanding that she had obtained its protection. Indeed, the original termination proceedings against her were prosecuted on that basis. As we view this record, the township's acknowledgments were completely consistent with the fact that by June 1988 plaintiff was indeed a tenured municipal officer dismissable only for cause.
There is one final matter requiring our attention. Following his determination that plaintiff did not have tenure and was hence dismissable without cause, the trial judge opted also to dismiss her claims that her termination was wrongful irrespective of the tenure question. Plaintiff had contended that the termination had been in violation both of N.J.S.A. 34:15-39.1, which has been construed as creating a civil cause of action for a discharge in retaliation for the employee's filing or attempting to file a workers' compensation claim. See Lally v. Copygraphics, 173 N.J. Super. 162, 413 A.2d 960 (App.Div. 1980), aff'd o.b., 85 N.J. 668, 428 A.2d 1317 (1981). She had also claimed that her termination violated 42 U.S.C.A. § 1983 in that her termination had been improperly based both on improper political considerations and in retaliation for her exercise of her constitutional right to free speech. See, e.g., Elrod v. Burns, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); Pierce v. Ortho Pharmaceutical Corp., 84 N.J. 58, 72, 417 A.2d 505 (1980); Nicoletta v. No. Jersey District Water Supply Commission, 77 N.J. 145, 390 A.2d 90 (1978).
The dismissal of these claims was clearly premature. Plaintiff's complaint alleged prima facie valid causes of action. There had not yet been discovery. The parties reasonably believed that all that was before the trial judge was the *118 bifurcated issue of tenure. No other issue was in fact properly before him. He should not have decided any other issue.
The order appealed from is reversed in its entirety, and the matter is remanded to the trial court for further proceedings consistent with this opinion.
NOTES
[1] The statute was amended by L. 1988, c. 110, § 13 to substitute the phrase "is serving as the chief financial officer... and has served in that position for a period of not less than five consecutive years" for the phrase "shall have served ... for [said] period."

The parties agreed and the court concurred that the statute in its 1977 form is here applicable. We refer to the amendment insofar as it is an aid in construing the earlier, applicable version.
[2] The testimony of the Division's representative permits the inference that at the time plaintiff's August 3, 1987, letter was received, it was not matched against the December 1986 clerk's letter already in its files.