## LAIRD *v.* CITY OF DE SOTO.[1]

*(Circuit Court, E. D. Missouri.* November 17, 1884.)

1. MUNICIPAL CORPORATIONS—INVALID REORGANIZATION

    An invalid reorganization of an incorporated town as a city cannot affect its corporate existence.

2. SAME—LIABILITY OF SUCCESSOR.

    Where an incorporated town is reorganized as a city, the latter becomes liable for the former's debts.

3. QUO WARRANTO PROCEEDINGS UPON—WHEN BINDING.

    Bondholders of a city are not bound by *quo warranto* proceedings against it, unless parties thereto.

Motion for a New Trial.

*Mills & Flitcraft,* for plaintiff.

*Joseph A. Williams,* for defendant.

MILLER, Justice. This case was submitted to the court without a jury on the petition and amended answer. The defense relied on is that when the bonds were issued by the trustees of the town of De Soto no such corporation was in existence. The plea set out that in August, 1872, such steps were taken that the county court of Jefferson county made an order declaring a certain boundary of land and its people a corporation by the name and style of the "Inhabitants of the Town of De Soto," and appointing trustees for its government. On the first day of October, 1872, these trustees issued the bonds to which were attached the coupons now sued on. The plea, after stating these facts, proceeds to aver that afterwards, in the year 1877, the residents of this town took proceedings to have it declared a city of the fourth class, and the county court made the necessary order to that effect. After this city government, with its mayor and aldermen, had continued for five years, in 1882, some of the citizens instituted

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

in the proper state court a proceeding by *quo warranto*, in which the court decreed, as the answer alleges, that the city of De Soto has never existed.

This decree is set up as an absolute defense and bar to the plaintiff's recovery; as showing there was never any corporate authority to issue these bonds. But it does not show this: (1) Because the decree dissolving the city organization has no tendency to show that the town of De Soto, which was organized and issued its bonds 10 years before, was not a valid organization; (2) because these bond-holders were no party to this proceeding; (3) because, if the city organization of 1877 was absolutely void, the town of De Soto remained, and the city organization now sued, which was created by order of the county court *after* the dissolution of the *first* city organization by the decree in *quo warranto*, is the legitimate successor of the town of De Soto which issued the bonds, being composed of the same trustees and the same people, and is only a change in the name of the corporation and in its mode of government. *Broughton* v. *Pensacola*, 93 U. S. 266.

As this was the only defense made by the plea, the motion for a new trial is overruled, and judgment is to be entered for plaintiff.