WILLIAM J. GRISHABER, Appellant, *v.* TOWN OF CALLICOON and THE TOWN BOARD OF THE TOWN OF CALLICOON, as Substituted Commissioners of the YOUNGSVILLE WATER DISTRICT, Respondents.*

Third Department, March 4, 1942.

*John D. Lyons,* for the appellant.

*Ellsworth Baker,* for the respondents.

HEFFERNAN, J. Plaintiff has appealed from an order of the Sullivan Special Term of the Supreme Court dismissing his complaint for failure to state facts sufficient to constitute a cause of action. The order of dismissal is based on the pleadings alone. A judgment of dismissal was also entered.

The complaint alleges, in substance, that by written agreements dated respectively September 4 and October 16, 1929, plaintiff and the members of the board of water commissioners of the Youngsville water district of Youngsville, Sullivan county, N. Y., entered into a contract by the terms of which plaintiff agreed to perform the necessary labor and furnish the requisite materials for the construction of a water system for the district for the sum of $24,320.15. It is further alleged that plaintiff fully performed all the terms and conditions of his contract and that in connection with the work he performed additional labor and furnished additional material of the value of $1,271.38. Then follows an allegation that plaintiff has been paid various sums of money from time to

* Revg. 176 Misc. 323.

time on account of such service and materials until there is a balance due him of $1,905.38 which has never been paid although due demand has been made therefor. The answer is a general denial.

At the time of the execution of the contract in question section 287-b of the Town Law (added by Laws of 1928, chap. 498) provided that water commissioners might sue and be sued for the breach of any contract entered into by them and that in the event of a judgment against them they should notify the town board as to the amount thereof and the town board was required to pay to such commissioners an amount sufficient to satisfy the judgment, interest and costs and to make the same a charge against the water district.

In 1932 a new Town Law was enacted by chapter 634 of the Laws of 1932, effective generally January 1, 1934, and including in relation to water districts, section 61 and articles 12 and 13. By the provisions of section 61 the board of water commissioners was abolished. Subdivision 10 of section 341 of the Town Law provided, however, for the continuance of any such commission under article 13 of the Town Law if a majority of the qualified electors of such district should so determine. No such proposal, however, was submitted to the electors of the Youngsville water district and hence that district is out of existence.

In providing for the abolition of such commission, section 61 contains this proviso: " All powers heretofore exercised by said separate boards or commissions so abolished shall hereafter be vested in and be exercised by the town board."

In *Echo Lake Corp.* v. *Town of Mount Pleasant* (247 App. Div. 743) the court said: " The obligation of defendant town, which was not a party to the contract, is not to perform the contract of purchase made by the water district — for the project is at an end. In any event, equity would not compel the town to take this property for which it has no use and pay the agreed purchase price; but would, in the alternative, award, in lieu of specific performance, such damages suffered by plaintiffs as they may establish. The obligation of the town, on the dissolution of the water district, is fixed by statute, to wit, to pay the indebtedness of the water district. (Town Law [of 1909], § 305-a.) This obligation may not be lightly evaded or defeated by the town that caused the dissolution of the district with this contract unfulfilled." On a later appeal in the same action (249 App. Div. 736; affd., 275 N. Y. 500) it was held that the town board of a water district which has been dissolved is the proper party to sue on a contract such as the one involved here.

The language governing the present cause of action, although slightly different from section 305-a of the former Town Law, which was involved in the *Echo Lake Corporation* case, is designed to accomplish the same purpose. Section 61 gives the town board of a town in which a water district was located prior to its abolition on January 1, 1934, all the powers theretofore exercised by the water commissioners. These powers include the right to sue and be sued. Under section 287-b of the Town Law, in existence at the time the contract was made, it is to be noted that, although the amount of any judgment against the tax district was made a charge against such district the primary liability rested upon the town to pay the same and to reimburse itself by levy against the tax property in such district.

Respondent Town of Callicoon contends that there is nothing in section 61 which makes it liable for the water district's debts or which permits action against it. Respondent's contention finds no support in justice, law or common sense.

It is quite clear to us that the Legislature, when it changed the Town Law in 1932, did not intend to abolish remedies in force as to existing claims and causes of action. In fact, the Legislature could not constitutionally do so. It is clear that it never intended any such result. Section 61 simply substituted the town board for the water commissioners. A judgment against the town board as substituted will impose no obligation upon the town. It will, however, impose upon the town board the obligation to pay the judgment and then to levy and assess against property within the water district a sum sufficient to reimburse it. It is pertinent to inquire if the town cannot be sued on plaintiff's obligation who can? Surely we should not hold that he is without a remedy.

The Special Term, in dismissing the complaint, held that plaintiff's only remedy is by mandamus. On this appeal respondent town is in the awkward position of repudiating the rule announced by the Special Term as the basis of its order of dismissal. It now contends that plaintiff has no remedy by way of mandamus. Apparently its position is that, although plaintiff has a legitimate claim, he may not enforce it. No reason is assigned for this singular view.

The order and judgment appealed from should be reversed, with costs and disbursements, and the motion denied, with ten dollars costs.

HILL, P. J., CRAPSER, SCHENCK and FOSTER, JJ., concur.

Order and judgment reversed, with costs and disbursements, and motion denied, with ten dollars costs.