185 N.J. Super. 323 (1982)
448 A.2d 516
RICHARD G. GOBER AND JOYCE G. BENGE, PLAINTIFFS,
v.
THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF PEMBERTON AND THE TOWNSHIP OF PEMBERTON, DEFENDANTS.
Superior Court of New Jersey, Law Division Burlington County.
Decided February 11, 1982.
*327 Louis Colaguori for plaintiffs (Bookbinder & Colaguori, attorneys).
John Sitzler for defendants (Mathews, Sitzler, Weishoff & Sitzler, attorneys).
Jan Schlesinger for defendant-intervenor Hadfield Enterprises, Inc. (Hartman, Schlesinger, Schlosser & Faxon, attorneys).
HAINES, A.J.S.C.
Pemberton Township has never issued a plenary retail liquor distribution license, although it is authorized to issue three of *328 these licenses based upon its population. N.J.S.A. 33:1-12.14 authorizes distribution licenses to be issued by the municipality at the rate of one for each 7,500 of its population; Pemberton has a population of 29,600. On October 7, 1981 its township committee adopted a resolution authorizing the filing of applications for two such licenses. A number of applications were received. At the recommendation of the municipal solicitor the township then introduced an ordinance authorizing the issuance of licenses and filing fees. The notice advertising the ordinance for final consideration was proper in all respects except that it referred to the date of the final hearing as "Wednesday, December 21, 1981." The meeting was to be held on December 21, but that date fell on a Monday, not a Wednesday. The same newspaper in which the advertisement appeared contained a second notice, not in statutory form, which called attention to the meeting and contained a correct, unambiguous date. That paper also carried a news story referring to the correct date. On December 15, 1981 a second legal notice was advertised which was in all respects correct. The governing body adopted the ordinance on December 21, 1981.
On December 28, 1981 the township committee adopted two resolutions. The first authorized the issuance of a license to Hadfield Enterprises subject to three conditions: (1) the obtaining of necessary permits from all regulatory authorities; (2) payment of all charges due the Township of Pemberton and (3) completion of required building construction within eight months.[1] The second resolution amended the October 7, 1981 resolution authorizing the license applications, by adding a paragraph fixing license fees for plenary retain distribution licenses at $2,000 a year, the statutory maximum.
*329 Plaintiff Richard Gober is the holder of a plenary retail liquor consumption license in Pemberton Township under which he operates the Pig 'N Whistle Liquor Lounge. He and his wife, also a plaintiff, are residents of the township. They seek a declaratory judgment as to the validity of the licensing proceedings, claiming the ordinance and resolutions are ineffective as a matter of law.
Hadfield Enterprises has intervened as a necessary party defendant. It seeks declaratory relief determining the legality of the proceedings, taking a position opposite to that of plaintiffs. It also seeks an order directing defendant township committee, which changed its composition on January 1, 1982, to take any action necessary to complete the issuance of the license awarded to it by the 1981 committee. There are no factual disputes. This opinion disposes of all issues in response to the order to show cause.

A. The Validity of the Ordinance

N.J.S.A. 40:49-2 a provides:
Every ordinance ... shall be published at least once ... together with a notice of the introduction thereof and the time and place when and where it will be further considered ... the first [publication] shall be at least 1 week prior to the time fixed for further consideration for final passage.
This statute must be construed strictly. Masnick v. Cedar Grove, 99 N.J. Super. 436 (Law Div. 1968). Notice of the proposed adoption of municipal legislation is of public importance and a significant legislative concern. That concern is emphasized by the adoption of the "Sunshine Law," N.J.S.A. 10:4-6 et seq., which insists upon notice of public meetings. The notice which was advertised on December 14, 1981 was misleading; a reader could not determine whether the licensing ordinance was to be considered on a Wednesday of some undesignated date or on December 21, a Monday. Consequently, it did not conform to the statute and the attempted adoption of the ordinance was not effective.
It is suggested that the one-week publication requirement of the statute is to be interpreted as permitting the notice *330 to be advertised at any time during the week prior to the date of the meeting. This literal interpretation is not acceptable. The purpose of the statute is to provide adequate notice to the public so that any member thereof may attend and object to the proposed action. It must be read as requiring the notice to be published at least seven days prior to the date of the meeting. Otherwise, it would be possible to advertise notice of a Monday meeting on the preceeding Saturday night, providing little advance warning to interested persons. This result would not further the public interest and cannot have been intended by the Legislature.
It is further argued that the publication of the notice on December 15, 1981 was sufficient. That date is seven days prior to the date of the meeting, provided both date of publication and date of meeting are counted. This, however, is not the method of counting normally employed when dealing with notice provisions. Customarily, the date of the act from which the time period is to run is not counted while the last day of the period is counted. PMS Realty Co. v. Guarino, 126 N.J. Super. 134, 137 (Cty.D.Ct. 1973); R. 1:3-1. The same rule should be applied here. Consequently, the December 15 publication was too late.
The validity of the municipal proceedings therefore depends upon the adequacy of the resolutions which were adopted; the ordinance confers no rights upon Hadfield.

B. Authority for the Issuance of a Liquor License: Ordinance or Resolution?

N.J.S.A. 33:1-10, 11 and 12 classify the various types of liquor licenses which may be issued, including plenary retail distribution licenses. N.J.S.A. 33:1-19 imposes a duty (and thereby confers authority) upon municipal governing bodies to administer the issuance of these distribution licenses, among others, within their respective municipalities.
N.J.S.A. 33:1-19.1 provides:
Whenever a municipality is authorized to issue one or more new or additional plenary retail consumption, seasonal retail consumption or plenary retail distribution *331 licenses and the governing body by resolution determines to permit the issuance thereof, the governing body shall cause to be published a notice of the proposed issuance of said license or licenses and that applications therefore will be accepted by the governing body....
Plaintiffs contend that the municipality was required to adopt an ordinance authorizing the issuance of licenses before it could adopt a resolution providing for the acceptance of license applications. The statute itself, however, provides authority for the issuance of licenses and expressly recognizes a municipal resolution as the appropriate vehicle with which to commence the process of receiving applications leading to the award of licenses to particular applicants. Acceptance of plaintiffs' argument would require the adoption of an ordinance authorizing the issuance of licenses, already authorized by statute, and then the adoption of a resolution governing the issuance of licenses, already authorized by ordinance. Such redundancy cannot have been the intention of the Legislature.

C. The Sufficiency of the Resolution of October 7, 1981

The initial resolution of October 7, 1981 provided that "the Township of Pemberton does hereby determine that it will consider applications for the issuance of such Plenary Retail Distribution Licenses." It is argued that this resolution is not sufficient because it merely authorized applications for licenses and did not determine "to permit the issuance thereof." The resolution, however, should be construed as providing for the issuance of licenses; if this were not its intention, there would be no reason to authorize applications. The modification of the statutory language is not material. The statute does not require the advertising of a resolution accepting particular applications, and N.J.S.A. 33:1-19.2 expressly provides that the initiating resolution shall not require any licenses to be issued. Consequently, a resolution that provides public notice of the intention to issue licenses is sufficient. Pemberton's resolution was adequate for this purpose. Furthermore, the public received notice of every application for a license under N.J.S.A. 33:1-25, which requires publication of a notice of intention.
*332 The initial ordinance did not fix a fee for the proposed licenses. It is argued that the absence of this requirement is fatal to the validity of the resolution. As discussed below, the fixing of a fee for licenses is essential. However, there is no requirement that this be accomplished by the enabling resolution. On the contrary, N.J.S.A. 33:1-12.3 a specifically requires the adoption of an ordinance to fix license fees. The Legislature has therefore authorized the issuance of licenses by resolution while requiring separate legislation, an ordinance, to fix the fees, a clear answer to the plaintiff's objections.

D. Limiting the Number of Licenses Without An Ordinance

Plaintiffs contend that the resolutions adopted by the township committee placed a limitation upon the number of licenses which it may issue. Only two licenses were authorized although Pemberton was permitted to issue three. N.J.S.A. 33:1-40 permits a limitation to less than the number authorized by statute, but only by ordinance. Consequently, if limitation was the purpose of the resolutions, they would be invalid because such action may not be taken by resolution. However, this is not the effect of the resolutions. They do not limit the number of licenses to be issued. They merely authorize the issuance of two licenses, making no statement concerning the issuance of a third. Nothing in the language of the resolutions suggests limitation; a third license could be issued simply by adopting another resolution. Furthermore, municipal legislation is entitled to a presumption of validity; unnecessary construction which would deny that presumption should not be adopted.

E. The Conditions Imposed Upon the Licensee; What is "Prior Approval" of the Director of Alcoholic Beverage Control?

The resolution authorizing the issuance of the license to Hadfield Enterprises contained several conditions. N.J.S.A. 33:1-40 provides that "the governing ... body of each municipality may by ordinance or resolution, ... subject to the approval *333 of the [Director] first obtained, regulate the conduct of any business licensed to sell alcoholic beverages at retail and the nature and condition of the premises upon which any such business is to be conducted." N.J.S.A. 33:1-32 states that a municipality "by resolution first approved by the [Director], may impose any condition or conditions to the issuance of any license deemed necessary and proper to accomplish the objects of this chapter...." The conditions imposed upon the Hadfield license by the township may fall within these provisions. There is no reason, however, to read the statutes as requiring approval of the conditions before the resolution is adopted. Its language is better construed as requiring the Director's approval before any regulations adopted by a municipality become effective. This is the preferred procedural route. Thus, the presumption of validity which attaches to the municipality's action may be preserved while the purpose of the statute is carried out. In addition, it is the "conduct" of the business licensed to sell alcoholic beverages which is the subject of N.J.S.A. 33:1-40. That business cannot be conducted until the license has been delivered by the township, a delivery which will not take place until all approvals have been obtained. Finally, the conditions imposed do not appear to violate the statutory directive. The requirement regarding construction of a building appears to be no more than the approval of plans attached to the Hadfield application as required by N.J.A.C. 13:2-1.1. See, also, Passerella v. Atlantic City, 1 N.J. Super. 313 (App.Div. 1949). This regulation does not require the Director's approval of the application or the plans before the municipality acts. The other conditions are superfluous; they merely require the applicant to obtain regulatory permits and to pay fees due the township, actions which are necessary without the licensing resolution.

F. The License Fee Requirement

Under N.J.S.A. 33:1-12.3 a, a license fee of $100 to $2,000 a year is mandatory and must be fixed by ordinance. The statute provides:

*334 The fee for this license shall be fixed by the governing board or body of the municipality in which the licensed premises are situated, by ordinance, at not less than $100.00, and not more than $2,000.00.
It is, therefore, impermissible for a municipality to issue a "free" license. Here the ordinance fixing license fees has no effect because the adopting procedures were defective and the resolution fixing fees is a nullity because the statute requires an ordinance. It is necessary that a license fee be fixed before the issuance of the license to Hadfield.

G. The Binding Effect of the Resolutions Upon 1982 Township Committee

Proper resolutions have authorized the issuance of a license to Hadfield Enterprises but no proper action has been taken to fix a fee for that license. The new township committee, which took office on January 1, 1982, may or may not address the question of license fees. It is bound to adopt a fee-fixing ordinance in order to complete the Hadfield transaction, if it decides to do so.
A municipal governing body is a continuous entity; when a change of membership occurs, the new governing body may take up any unfinished business where the old governing body left off. Booth v. Bayonne, 56 N.J.L. 268 (S.Ct. 1893); 4 McQuillin, Municipal Corporations (rev. 3 ed.), § 13.40; 62 C.J.S. § 386; 56 Am.Jur.2d § 141.
Absent a contrary legislative (statutory) intent and absent estoppel (reasonable deterimental reliance by a franchisee, licensee or contracting party), inherent in the power of a municipal governing body to pass an ordinance is the power to amend or repeal it. Rutherford Bd. of Recreation Com'rs v. Rutherford, 166 N.J. Super. 476 (App.Div. 1979); In re Meadowlands Communications Systems, Inc., Application, 175 N.J. Super. 53 (App.Div. 1980); 62 C.J.S. § 435 et seq.; 56 Am. Jur.2d § 410 et seq. It may rescind or reconsider any act, vote *335 or resolution until a final conclusion is reached. Whitney v. Van Buskirk, 40 N.J.L. 463 (Sup.Ct. 1878); 4 McQuillin, op. cit., § 13.49; 62 C.J.S. § 407; 56 Am.Jur.2d § 352. See, also, Dol Maso v. Board of Cty. Com'rs, 182 Md. 200, 34 A.2d 464 (Ct.App. 1943), holding that an ordinance, already final, may be rescinded if third-party rights have not vested.
When a municipality is exercising its governmental powers (as opposed to business or proprietary powers), no contract entered into by its governing body will be binding upon its successors. Exceptions exist for employment contracts, contracts made binding by statute and contracts requiring only ministerial acts by the successor body. Vocational School Bd. of Ed. v. Finne, 88 N.J. Super. 91 (Law Div. 1965); Terminal Enterprises, Inc. v. Jersey City, 54 N.J. 568 (1969); Jones Co. v. Guttenberg, 66 N.J.L. 659 (Sup.Ct. 1902); 10 McQuillin, op. cit., § 29.101. A liquor license does not constitute a contract or confer a property right; it is merely a temporary permit or privilege. Butler Oak Tavern v. Alcoholic Beverage Control Div., 20 N.J. 373 (1956).
The final step, fixing the license fee, has not been taken by Pemberton Township. Its 1982 governing body may take that step, or it may refuse to act. It is not required to complete the unfinished business of its predecessor. There has been no showing of reliance upon the licensing resolutions of Hadfield which would raise any due process questions. Indeed, he could not justifiably rely upon them since this suit was filed before they were adopted and since, in any event, they are not complete until the license fee is set. Thus, the 1982 committee may rescind the resolutions, as it could repeal the ordinance had it been effective, or may provide license fees by ordinance, completing the enabling legislation. The choice of action is discretionary; this court will not order the exercise of that discretion.
NOTES
[1] N.J.S.A. 33:1-19.2 requires a license to be issued within six months. Does the eight-month condition destroy the resolution or would a license actually issued within six months be valid? The point has not been raised.