215 N.J. Super. 361 (1987)
521 A.2d 1329
GEORGE E. STONE, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF OLD BRIDGE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, OLD BRIDGE MUNICIPAL UTILITIES AUTHORITY, OLD BRIDGE MUNICIPAL UTILITIES AUTHORITY IN DISSOLUTION AND EDWARD MCLANE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted November 26, 1986.
Decided March 2, 1987.
*362 Before Judges FURMAN, DREIER and SHEBELL.
*363 James J. Cleary, attorney for plaintiff (James J. Cleary, on the brief).
Jerome J. Convery, attorney for respondent Township of Old Bridge (Jerome J. Convery, on the brief).
Heffernan & Wersinger, attorneys for respondents Old Bridge Municipal Utilities Authority and Edward McLane (Peter S. Wersinger, on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
Plaintiff appeals from a dismissal by the Chancery Division of his suit for a declaratory judgment, restraints and specific performance. Plaintiff served as the Executive Director of a municipal water utility known as the Old Bridge Municipal Utilities Authority (Water Authority) now in dissolution, under a five-year contract dated September 9, 1982. In November 1985, with 22 months remaining on the contract, the Township of Old Bridge enacted Ordinance 40-85 dissolving the Water Authority and a companion Sewerage Authority in order to create a new entity with the same name as the former Water Authority, i.e., the Old Bridge Municipal Utilities Authority (Utilities Authority). The functions of both of the prior municipal authorities were continued under the aegis of the new Utilities Authority. A new executive director was appointed, one Edward McLane. We are not informed by the record whether or not he was the former head of the Sewerage Authority.
On November 11, 1985 plaintiff was notified that his employment was terminated, but that he would be retained temporarily pending a review of his employment contract by special counsel retained by the newly-formed Utilities Authority. In an opinion delivered to the Authority January 15, 1986 special counsel determined that plaintiff's position had been validly terminated notwithstanding his employment agreement. Plaintiff was thereupon terminated January 18, 1986, without severance *364 pay or other benefits. He was offered a position as a door-to-door bill collector at a salary substantially less than the $44,950 he earned at the time of his termination. In addition, he had accrued significant leave time and sick days.
The trial judge determined that the contract was validly terminated and granted defendant's motion to dismiss the complaint for failure to state a claim upon which relief could be granted. Specifically, he found:
Nothing in the legislation, nor in the ordinance dissolving the former Old Bridge Municipal Utilities Authority and creating a new one, indicates an intent to require a newly created authority to assume employment contracts entered into by a prior public authority which has been dissolved; moreover, such an intent should not be readily read into this legislation.
The court further rejected plaintiff's arguments that there was an effective novation, i.e., that by enacting the ordinance the Municipality expressly assumed all of the contractual obligations of the old Water Authority, and that the employment agreement would be specifically enforceable against the new entity. The trial judge also found no merit in plaintiff's Contract Clause objection to the abolition of the Water Authority and further denied plaintiff counsel fees for the prosecution of the action.
The Legislature in N.J.S.A. 40A:5A-20 requires that the Local Finance Board approve the dissolution of any municipal authority, which approval must be given if the ordinance
makes adequate provision in accordance with a security agreement or otherwise for the payment of all creditors or obligees of the authority[1] and that adequate *365 provision is made for the assumption of those services provided by the authority which are necessary for the health, safety and welfare of the recipients of those services.
Within the context of this statute, the words "all creditors or obligees of the authority" can only be fairly read as encompassing those with monetary claims. Plaintiff's reliance on this section is misplaced. Although his employment contract is not rendered unenforceable by its not being included within the Local Authorities Fiscal Control Law, N.J.S.A. 40A:5A-1 et seq.,[2] his claim is not such to make him a "creditor or obligee." If the law permits the termination of plaintiff's employment upon the dissolution of the Water Authority, or after assumption by the Utilities Authority, he would no longer be a creditor; if not, his claim would be viable.
Plaintiff's agreement with the Water Authority was specifically authorized by N.J.S.A. 40:14B-18 which at the time of the contract authorized a municipal authority to appoint and employ an executive director for periods not to exceed five years, and enter into contracts for such services, all "without regard to the provisions of Title 11 of the Revised Statutes."[3] *366 The Legislature did not give Civil Service protection to these discretionary employees, but relegated them to their contractual rights.
Plaintiff's contract with the Water Authority provided that:
[T]he Authority agrees that during the term of the within contract, it will not eliminate the position of Executive Director nor will it create an equivalent position which would usurp the rights and authority of the Employee herein and/or substantially change the duties, obligations, rights and hours of employment of said position.
The Municipality, in Ordinance 40-85 stated:
Section 4. The Authority, upon the effective date of this ordinance, shall assume all services and obligations of the existing Sewerage Authority and the prior existing Utilities Authority.
Section 5. All contracts and other obligations of the Township under any agreements with the existing authorities are hereby ratified and confirmed and shall run to the Authority as if they had been entered into directly with the Authority.
Section 6. To the extent that such action in any way is deemed to have prejudiced the rights that any person or entity had with the Sewerage Authority or Utilities Authority, the Township agrees to assume responsibility for such obligations and to take any steps necessary to correct such actions, including, if necessary, the issuance of obligations by the Township or the Authority created herein to pay or provide for the payment of any outstanding obligations of the Sewerage Authority or the Utilities Authority.
Defendant Utilities Authority contends that the word "obligations" used throughout the ordinance refers solely to the monetary obligations and that the fourth recital to the contract defines the word "obligations" as the Water Authority's bonded indebtedness. The recital reads:
WHEREAS, the Utilities Authority has obligations outstanding pursuant to their General Bond Resolution, as amended (the `Utilities General Bond Resolution').
This recital does not define "obligations," but rather is merely a statement that there are obligations outstanding pursuant to a particular resolution. Although the municipality used a term broader than one limited to debt[4] it appears that the drafters of *367 the ordinance did not specifically consider the issue of an Executive Director's rights to continued employment.
As we read the ordinance and plaintiff's contract with the Water Authority, and applying traditional principles of municipal contract law, we must disagree with the trial judge's construction and conclude that the Utilities Authority assumed all of the contracts of the Water Authority including both debt obligations and the employment contract of plaintiff[5]. A common-law rule of assumption of contract liabilities by successor municipal corporations "extends to contracts of employment so as to require their continuance after dissolution...." 2 McQuillin, Municipal Corporations § 8.17 at 596 (3d ed. 1979 & Supp. 1985). Gober v. Pemberton Tp., 185 N.J. Super. 323, 335 (Law Div. 1982); Board of Ed. of Voc. School v. Finne, 88 N.J. Super. 91, 105 (Law Div. 1965); and see City of Groves v. Ponder, 303 S.W.2d 485 (Tex.Civ.App. 1957); Fisher v. City of Mechanicville, 225 N.Y. 210, 121 N.E. 764 (1919).
But our analysis does not end here, since engrafted upon all public contracts are the propositions that one is not paid for work that is unperformed, Matter of Williams, 198 N.J. Super. 75, 77-80 (App.Div. 1984), and that positions may be abolished for reasons of economy, McCartney v. Franco, 87 N.J. Super. *368 292, 297 (App.Div. 1965). If, in fact, after the consolidation of the two Authorities there would have been two Executive Directors and only enough work for one to perform, one or the other must suffer a demotion or be terminated. The provision in plaintiff's contract with the Water Authority forbidding the elimination of the position of Executive Director of that Authority presupposed the continuation of the entity. It is only binding on the new Authority if its purpose has not been frustrated. If there were substantially similar duties to be performed with the new Authority, plaintiff should have been retained to perform them. Gober v. Pemberton Tp., supra; Board of Ed. of Voc. School v. Finne, supra; City of Groves v. Ponder, supra; Fischer v. City of Mechanicville, supra. But if such duties do not exist, or if the Authority was faced with a choice between plaintiff and the Executive Director of the Sewerage Authority presenting similar claims to plaintiff's, then one position or the other would have to be eliminated to avoid one or the other of the claimants being retained despite having no substantial duties to perform[6].
Even if plaintiff were a tenured civil service employee, thus possessing even greater rights than the limited five-year protection under his contract, N.J.S.A. 11:26D-1 permits the abolition of a position and termination of employment for reasons of economy. Cf. N.J.S.A. 18A:28-9. Similarly, even when there is no tenure, but a fixed term of office, a position may be abolished for reasons of economy. McCartney v. Franco, supra, 87 N.J. Super. at 297. Although in McCartney the plaintiff's four-year tenure was fixed by statute rather than by contract, the principle is the same.

*369 Except where an office or position is required by statute, `the governing body of a municipality may, by appropriate action, dispense with and abolish positions of public employment the need for which no longer exists; and that the abolishment of needless positions and to effect economy is in the public interest.' Chirichella v. Dept. of Civil Service, 31 N.J. Super. 404, 410 (App. Div. 1954)....
The fact that a person is appointed for a definite term does not preclude a municipality from abolishing the office or position. Boylan v. Board of Police Com'rs of City of Newark, 58 N.J.L. 133 (Sup.Ct. 1895); Van Horn v. D'Arcy, 88 N.J.L. 675 (E. & A. 1915); May v. Board of Comm'rs of Town of Nutley, 111 N.J.L. 166 (Sup.Ct. 1933); 3 McQuillan, Municipal Corporations, sec. 12.119, pp. 427 et seq. [Id. at 297].
Our dissenting colleague finds the principle that a municipality may abolish a position filled by contract to be "alien to the common law" (dissenting opinion at 374). It is true that there is not yet a reported New Jersey case determining that a position filled by a fixed term contract may be terminated. Yet the position and its permissible term were created by the Legislature. The principle of abolishment of municipal positions for reasons of economy was noted in Chirichella v. Dept. of Civil Service, 31 N.J. Super. 404, 410 (App.Div. 1954), cited in McCartney, supra, and supported by a substantial line of New Jersey authority. See Sieper v. Dept. of Civil Service, Passaic, 21 N.J. Super. 583 (App.Div. 1952); Schnipper v. Twp. of North Bergen, 13 N.J. Super. 11 (App.Div. 1951); Kessel v. Civil Service Commission, 130 N.J.L. 618 (Sup.Ct. 1943); Hunziker v. Kent, 111 N.J.L. 565 (Sup.Ct. 1933). And see Sutherland v. Board of Street & Water Comm'rs of Jersey City, 61 N.J.L. 436, 437 (Sup.Ct. 1898).
As further noted in Van Horn v. D'Arcy, supra:
When the plaintiff accepted the office of custodian he took it subject to the right of the legislative body who created it, to abolish it when the public good required that it should be done. [88 N.J.L. at 679-680].
We see no departure from the common law in implying within a contract of public employment the provision that the position might be subject to a bona fide termination for reasons of economy. Indeed, a position filled by appointment for a fixed term pursuant to resolution and accepted by the appointee is no less filled by contract than one filled by a written or oral *370 agreement authorized by a similar resolution. The agreement of the governmental body resulting from each action can rise no higher than the general law governing municipal action which encompasses the provision that the office or position may in good faith be abolished for reasons of economy.
We do not, as suggested by our colleague, here limit the principle that municipal corporations must adhere to the tenets of general contract law. We merely state that when a municipality enters into an agreement, it must do so within the constraints imposed upon the particular governmental entity by general principles of municipal law.
The foregoing analysis does not require our finding that if plaintiff's position continues in substance and has been filled by one possessing a lesser claim to it, defendants' action may be sustained. The courts will not endorse a subterfuge for a breach of plaintiff's contract. There must be a showing that plaintiff's position in fact no longer exists or has been filled by one with an equal or greater claim to it. We see no such proof in this record. Also, the new Executive Director may have deputies or assistants separately responsible for the running of the Water and Sewerage Departments so that plaintiff's former function may still exist under a different title. If so, the observance of plaintiff's contract may not have been frustrated by the consolidation of the two authorities within the new entity. These are factual determinations that must be made upon remand.
The trial judge's determination concerning the inapplicability of the Contract Clause to the facts of this case was entirely correct. The United States Constitution, prohibits a state from enacting any law "impairing the Obligation of Contracts." U.S. Const., Art. I, § 10. The New Jersey Constitution, additionally prohibits the deprivation of "any remedy for enforcing a contract which existed when the contract was made." N.J. Const. (1947), Art. IV, § 7, par. 3. It is clear that no remedy available to plaintiff when his contract was made *371 has been eliminated nor has the obligation of his contract been impaired by State law. It is true that the law permitting the dissolution of the Authority, N.J.S.A. 40A:5A-20, was enacted during the term of the contract and, as noted earlier in footnote 2, no statutory dissolution was specifically authorized under the original statute, N.J.S.A. 40:14B-13. But, as correctly determined by the trial judge, the State possesses the reserve power to dissolve any authority. Fidelity Union Trust Co. v. N.J. Highway Auth., 85 N.J. 277, 298-99, app. dism. 454 U.S. 804, 102 S.Ct. 76, 70 L.Ed.2d 73 (1981). Moreover, as we have determined here, plaintiff's contract with the Water Authority was binding upon the Utilities Authority unless the position was properly terminated for reasons of economy, a proposition well within the existing statutory and case law at the inception of the agreement.
With regard to the trial judge's denial of legal fees to plaintiff, he contends that his entitlement is based upon paragraph 8 of his contract:
Employer further agrees to provide the Employee with the necessary means for the defense of any action or legal proceeding arising out of or incidental to the performance of his duties or pursuant to this contract. [Emphasis added].
As plaintiff correctly notes, legal fees may be recovered if authorized by statute or court rule. R. 4:42-9(a). They also may be recovered if authorized by contract. As noted in Pressler, Current N.J. Court Rules, Comment R. 4:42-9 (1987), the rule does not
preclude such an allowance where the parties have agreed hereto in advance ... agreement or contract....
See Department of Environmental Protection v. Ventron Corp., 94 N.J. 473, 504 (1983); Alcoa Edgewater No. 1 Fed. Credit Union v. Carroll, 44 N.J. 442, 448 (1965). Plaintiff further asserts that although this suit does not entail a "defense of any action... pursuant to [the] contract," he is in effect defending his contractual rights. Had defendants chosen to institute this declaratory judgment suit prior to terminating the contract, plaintiff's right of reimbursement would be clear. *372 The fact that defendants terminated the agreement forcing plaintiff to institute the action should not mean that he must bear his entire legal expenses. The trial judge's determination that the intention was to indemnify plaintiff only from liability in tort actions against him does not explain the inclusion in the agreement of the words "or pursuant to this contract." Since we have determined here that the contract was binding upon the Utilities Authority subject only to termination for reason of economy, the trial judge's reasoning that the resolution of employment rights was not encompassed by this clause is not viable.
While we note the possible merit of plaintiff's claim, we leave final adjudication to the trial judge on remand. Of course, if plaintiff is to be terminated, he should be compensated for any vested rights to which he may be entitled, such as vacation time or the like.
Summary judgment granted to defendants is reversed and the matter is remanded to the Chancery Division to resolve the issues noted herein.
Reversed and remanded. We do not retain jurisdiction.
SHEBELL, J.A.D., dissenting.
I must dissent from the majority opinion's conclusion, although so much of the opinion which exclusively treats the law of municipal employment contracts is sound. The majority recognizes the general common law rule requiring assumption of contract liabilities, including employment contracts, by a successor municipal corporation after a dissolution. The court correctly states that in New Jersey "[t]he Legislature did not give Civil Service protection to these discretionary employees, but relegated them to their contractual rights." Supra, at 366 (emphasis supplied). Having made note of this limited statutory exception to the common law, one might have expected the court to bridge the gap in New Jersey law, which is *373 silent on post-dissolution assumption of municipal employment contract liability, by adopting the general common law rule.
This would be consistent with a logical application of traditional principles of contract law which obtain here. These include recognizing first, that municipal corporations just as private persons must adhere to the tenets of general contract law, see, e.g., Greenberg v. Fornicola, 37 N.J. 1, 10 (1962); Borough of West Caldwell v. Borough of Caldwell, 26 N.J. 9, 22 (1958); Hankin v. Hamilton Township Board of Education, 47 N.J. Super. 70, 78 (App.Div.), certif. den. 25 N.J. 489 (1957), and second, that an employee under a fixed term employment contract has the right to recover damages for breach in the amount of the compensation he would have received if he had served the full term of his employment. See, e.g., Stopford v. Boonton Molding Co., 56 N.J. 169, 189 (1970); Meyers v. Potoker, 3 N.J. Misc. 450 (Sup.Ct. 1925); Moore v. Central Foundry Co., 68 N.J.L. 14 (Sup.Ct. 1902). See also Gober v. Pemberton Township Committee, 185 N.J. Super. 323, 335 (Law Div. 1982); Board of Education of the Vocational School of Union County v. Finne, 88 N.J. Super. 91, 105 (Law Div. 1965). See generally Annotation, Recovery of damages by employee wrongfully discharged before expiration of time period fixed in employment contract as embracing entire term of contract or as limited to those damages sustained up to time of trial, 91 A.L.R.2d 682 (1963 & Supp. 1986); 11 Williston, Contracts § 1361 at 315-316 (1968 & Supp. 1986). These principles fully support plaintiff's assertion of a valid claim. This conclusion reflects the fundamental rule that a judicial remedy for breach should serve to protect a promisee's expectation interest in having the benefit of its bargain by being put in as good a position as that person would have been in had the contract been performed. Restatement (Second) Contracts § 344(a) at 102 (1981 & App.).
Instead the majority invokes a rule of exception that employment may be terminated upon "a showing that plaintiff's position in fact no longer exists or has been filled by one with an *374 equal or greater claim to it." Supra, at 370. This rule of exception is premised on the concept, alien to the common law contract, that public employment may be validly terminated for reason of economy. The court's reliance on Matter of Williams, 198 N.J. Super. 75 (App.Div. 1984) and McCartney v. Franco, 87 N.J. Super. 292 (App.Div. 1965) is misplaced. These cases concern appointed Civil Service positions not under contract, which are wholly inapposite to the instant matter. Fundamental to plaintiff's claim is its basis in contract, not civil service regulations. This plaintiff is to be further distinguished from a public officer, engaged in a governmental activity and subject to summary dismissal. See N.J.S.A. 40:14B-19; State v. Indelicato, 87 N.J. Super. 566, 569-570 (Law Div. 1965); 3 McQuillan, Municipal Corporations § 12.30 at 154-155 (3d ed. 1982 & Supp. 1985); 63A Am.Jur., Public Officers and Employees §§ 10-12 at 674-677 (1984 & Supp. 1986). See also Gallaher v. Camden County, 129 N.J.L. 290, 291 (Sup.Ct. 1942). Indeed, our review of the body of New Jersey case law upholding the termination of positions of public employment revealed no case where a contract was involved. See, e.g., Matter of Williams, 198 N.J. Super. 75 (App.Div. 1984); Evans v. Freeholders of Hudson County, 53 N.J.L. 585 (E. & A. 1891).
In effect, the majority would constrain the common law by means of a legislative exception. While concern for public economy is commendable, the result here may actually damage a municipality's ability to attract qualified parties to municipal employment. Economy as an excuse for repudiation needlessly drags the court into an assessment of the economic viability of the contract. There is no reason to depart from the long-standing principle of assumption of municipal employment contract liabilities by post-dissolution entities. See Fisher v. City of Mechanicville, 225 N.Y. 210, 121 N.E. 764, 765 (1919); City of Groves v. Ponder, 303 S.W.2d 485, 488-489 (Tex.Civ.App. 1957).
NOTES
[1] This is but an example of the general rule regarding the contractual obligations of municipal corporations in reorganization, i.e., that "debt once contracted by a municipal corporation will survive as a debt against whatever corporate entity is subsequently created to take its place and exercise its power of local government over substantially the same people and territory." Hill v. City of Kahoka, 35 F. 32, 33 (E.D.Mo. 1888) (citing Broughton v. Pensacola, 93 U.S. (3 Otto) 266, 23 L.Ed. 896 (1876)); Mobile v. Watson, 116 U.S. 289, 16 S.Ct. 398, 29 L.Ed. 620 (1886); and Laird v. City of DeSoto, 22 F. 421 (E.D.Mo. 1884). See also Grishaber v. Town of Callicoon, 263 A.D. 471, 33 N.Y.S.2d 508 (1942). This doctrine "rests upon principles basic to the system of American jurisprudence, and presumed to lie within the contemplation and intention of the legislature ... although different powers are possessed under the new charter, and different officers administer the affairs of the [municipal corporation]." 2 McQuillin, Municipal Corporations § 8.17 at 595 (3d ed. 1979 & Supp. 1985). In our case the obligation is not merely a debt, since the obligee has future services to perform, a condition discussed infra.
[2] N.J.S.A. 40:14B-13 also applies to the dissolution of an utilities authority. This statute, however, is limited to a situation where there are no debts or obligations outstanding. Although there is no statutory authorization for the dissolution of a sewerage authority under N.J.S.A. 40:14A-1 et seq., a sewerage authority may be reorganized as a utilities authority under the simplified procedure of N.J.S.A. 40:14B-6. N.J.S.A. 40:14B-9, entitled "Single Authority," by its terms permits multiple municipal authorities if consents are secured from existing authority and the rights of existing bondholders are protected. Both sewerage authorities and utilities authorities are encompassed within the dissolution authorization of N.J.S.A. 40A:5A-20.
[3] The statute was amended effective January 21, 1986, the day plaintiff's complaint was filed, clarifying the quoted language.
[4] Under Section 4 of the ordinance, plaintiff could prevail on his novation argument if the word "obligations" can be read as including all contractual obligations. Section 5 of the ordinance also can be read as imposing the employment contract upon the new Authority, if the words "all contracts" are deemed modified by the words "of the Township under any agreements" (as opposed to this latter reference only modifying the words "other obligations"), so that the section could be read "all contracts ... with the existing authorities are hereby ratified and confirmed and shall run to the Authority as if they had been entered into directly with the Authority." Section 6 can be read as indemnification of plaintiff by the Township if the creation of the new Authority is deemed to have prejudiced plaintiff's rights.
[5] We assume, although as noted earlier it is nowhere stated, that the present Executive Director of the Utilities Authority formerly headed the Sewerage Authority (also merged into the Utilities Authority). If our assumption is incorrect, and plaintiff was qualified to hold the new position, as noted infra he should have been retained as Executive Director for the balance of his contractual term.
[6] We note that other jurisdictions have gone so far as to hold that a fixed term contractual employee is entitled to full damages for the breach of his contract where the position has been abolished by reason of the merger of his employer. See City of Groves v. Ponder, supra, 303 S.W.2d at 488-489; Fischer v. City of Mechanicville, supra, 225 N.Y. at 214-215, 121 N.E. at 764-765. We decline to follow such authority.