Richard CINAGLIA, Plaintiff,

v.

Susan Bass LEVIN, et al., Defendants.

Civil Action No. 02–1308(JEI).

United States District Court,
D. New Jersey.

April 11, 2003.

F. Michael Daily, Jr., Sentry Office Plaza, Westmont, NJ, for Plaintiff.

David Samson, Attorney General of New Jersey By Patricia E. Stern, Deputy Attorney General, R.J. Hughes Justice Complex Division of Law, Trenton, NJ, for Defendants.

Felix P. Gonzalez, Office of the City Attorney, Camden, NJ, for Defendant City of Camden.

## OPINION

IRENAS, Senior District Judge.

Presently before the Court is Defendants' Motion for Summary Judgment pur-

suant to Rule 56 of the Federal Rules of Civil Procedure on Plaintiff's claims alleging violation of his constitutional rights under the First, Fifth and Fourteenth Amendments. Plaintiff opposes summary judgment and requests, in the alternative, leave to file an amended complaint asserting a claim based on the Impairment of Contracts Clause, Art. I, § 10, of the United States Constitution. For the reasons set forth below, the Court will grant Defendants' Motion for Summary Judgment. The Court will also exercise its discretion under Federal Rule of Civil Procedure 15(a) to deny Plaintiff's CrossMotion for Leave to Amend with respect to Plaintiff's proposed Impairment of Contracts Clause claim.

## I.

Plaintiff, Richard Cinaglia, was employed by the City of Camden ("Camden") as Chief Financial Officer ("CFO") and Comptroller for twenty-seven (27) years. On May 10, 2000, following an order by the Honorable Francis J. Orlando, A.J.S.C. that Camden had "grossly failed to comply with the Local Fiscal Affairs Law and the Local Budget Law, and that this gross failure has substantially jeopardized [Camden's] fiscal integrity," *City of Camden v. Kenny*, 336 N.J.Super. 53, 56, 763 A.2d 777, 779 (App.Div.2000), the Local Finance Board ("Board") adopted a resolution for the purpose of placing Camden under its supervision pursuant to the Supervision Act, N.J.S.A. 52:27BB–55 *et seq.*

On January 23, 2001, Camden's business administrator, Norton Bonaparte ("Bonaparte"), requested that the Board review the office of the CFO. Bonaparte also recommended to the Board that Plaintiff be removed from his position in order to improve compliance with financial reporting standards.

On February 14, 2001, the Board held a meeting regarding Bonaparte's request and recommendation. At this meeting, testimony was taken from Bonaparte, as well as David Miller, a state auditor, and Plaintiff. Bonaparte testified regarding his concerns about Camden's accounting practices, and recommended that Plaintiff be removed from his position as CFO. Bonaparte also stated that he asked Plaintiff to resign and that Plaintiff had refused to do so. Miller's testimony dealt with the audits, Camden's computer system, and the responsibilities of the CFO under the Camden City Code. Plaintiff testified that a number of problems interfered with the office's ability to keep proper financial accounts. No further action was taken at this meeting.

On June 25, 2001, the Board conducted a hearing wherein it was decided that it was necessary to Camden's financial rehabilitation to remove Plaintiff from the CFO position. Plaintiff, who was represented by counsel at this hearing, again testified to the various problems that interfered with the office's ability to keep proper financial accounts. Plaintiff also reiterated his testimony regarding Camden's computer system. Several other people, including Bonaparte and Miller, also testified at this meeting.

On June 29, 2002, Camden's City Council met to consider the Board's resolution. However, the City Council failed to take action to remove Plaintiff from his position. On July 3, 2001, the Acting Director, Anthony Cancro, issued an order directing that Plaintiff be removed from his position as CFO/Comptroller, pursuant to the Board's statutory authority under N.J.S.A. 52:27BB–66.1, and in accordance with the Board's resolution of June 25, 2001.

While Plaintiff appealed his dismissal from the Comptroller position to the State Merit System Board of the Department of Personnel, he did not, however, appeal his removal from the CFO position. Plaintiff

brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants removed Plaintiff from his tenured position as Chief Financial Officer for the City of Camden in violation of his due process and equal protection rights. The complaint also alleges that Defendants' conduct was retaliatory in nature in violation of Plaintiff's First Amendment rights to freedom of speech. Plaintiff seeks injunctive relief, compensatory damages, and attorney's fees pursuant to 42 U.S.C. § 1988.

## II.

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)).

In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the non-moving party. *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir.1986). The role of the court is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248, 106 S.Ct. 2505 (citation omitted).

## III.

To establish a claim under Section 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was commit-

ted by a person acting under the color of state law. *See Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir.1996). The first step in evaluating a section 1983 claim is to "identify the exact contours of the underlying right said to have been violated" and to determine "whether the plaintiff has alleged a deprivation of a constitutional right at all." *County of Sacramento v. Lewis*, 523 U.S. 833, 841, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).

Defendants contend that, as government officials, acting pursuant to the authority granted to them by the Supervision Act, they are entitled to qualified immunity from suits brought under 42 U.S.C. § 1983. See *Sherwood v. Mulvihill*, 113 F.3d 396, 398–99 (3d Cir.1997). An individual is immune if his or her conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 399. Where a defendant asserts this defense in a motion for summary judgment, the plaintiff has the initial burden to prove that defendant's conduct violated some clearly established right. *Id.* Thus, the inquiry must begin with the question of whether the plaintiff's allegations are sufficient to establish "a violation of a constitutional right at all." *Id.* (citation omitted). Only if a plaintiff carries this initial burden must the defendant then demonstrate that he had an objectively reasonable belief in the lawfulness of his or her conduct. *Id.*

### A.

Count I of Plaintiff's Complaint rests on an alleged violation of Plaintiff's First Amendment rights. According to the allegations in the complaint, Plaintiff claims that his constitutional rights to free speech were violated because Defendants suspected that he was involved in the distribution of a news letter critical of Defendants. In

Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment, he voluntarily abandons this claim, in light of the Third Circuit's decision in *Ambrose v. Township of Robinson*, 303 F.3d 488 (2002), due to his inability to assert that he participated in any type of protected conduct.

### B.

■ Count II of the Complaint alleges that Plaintiff's due process rights under the Fifth and Fourteenth Amendments were violated by Defendants' actions in ordering the removal of Plaintiff from his position as Camden's CFO. In order to establish that removal from a position of public employment violated due process, Plaintiff must prove: (1) that he was deprived a property or liberty interest encompassed by the Fourteenth Amendment, and (2) that the state deprived him of the protected interest without requisite notice or some type of hearing. *Independent Enterprises Inc. v. Pittsburgh Water and Sewer Authority*, 103 F.3d 1165, 1177 (3d Cir.1997).

Plaintiff contends to have a clearly established right to his position as Camden's CFO, under N.J.S.A. 40A:9–140.8, which grants tenure to a municipality's CFO after reappointment to that position following four consecutive years of service. Plaintiff argues that by acting pursuant to their authority under N.J.S.A. 52:27BB–66.1, enacted four years after the tenure act, Defendants retroactively applied an Act in violation of Plaintiff's constitutional rights to due process when they removed him from the CFO position. Plaintiff argues that, by knowingly violating Plaintiff's constitutional rights, Defendants are not entitled to qualified immunity.

In order to have a property interest protected by the constitution, Plaintiff must be able to demonstrate a "legitimate claim of entitlement" to tenure. *Harel v.*

*Rutgers*, 5 F.Supp.2d 246, 272 (D.N.J.1998) (quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). State law governs the question whether a constitutionally protected property right has been established. *See Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). It is undisputed that at the time of his removal, Plaintiff held a tenured position.

Assuming, *arguendo*, that Plaintiff has been deprived of a protected property interest, the undisputed facts in the record reveal that Defendants held an objectively reasonable belief in the lawfulness of their conduct. It is important to note that under New Jersey law the right to tenure is not absolute. "Whether tenured or holding a fixed term, there is implied 'within a contract of public employment the provision that the position might be subject to a bona fide termination for reasons of economy.'" *Geraghty, Jr. v. Twp. of Berkeley Heights*, 259 N.J.Super. 350, 357, 613 A.2d 497 (Law Div.1990), aff'd 259 N.J.Super. 327, 613 A.2d 485 (App.Div.1992) (quoting *Stone v. Old Bridge Twp.*, 215 N.J.Super. 361, 369, 521 A.2d 1329 (App.Div.1987), rev. 111 N.J. 110, 543 A.2d 431 (1988)). "[S]o long as the governmental unit is exercising its statutory powers, promoting its legitimate objectives and achieving proper governmental purposes and does so in good faith, it may lawfully terminate a fixed term (or tenured) employee." *Geraghty, supra*, 259 N.J.Super. at 357, 613 A.2d at 500 (citing *Stone, supra*, 111 N.J. at 122, 543 A.2d at 431).

In ordering the dismissal of Plaintiff, Defendants were acting pursuant to their authority under the Supervision Act. Under N.J.S.A. 52:27BB–66.1, the Board is authorized to " ... appoint or dismiss unclassified persons in managerial positions necessary to the rehabilitation of the finan-

cial affairs of the municipality without regard to any procedural or other statutory requirements." In *City of Camden v. Kenny, supra,* the Superior Court of New Jersey held that the Board was authorized by the Supervision Act to appoint and dismiss unclassified persons in managerial positions. The court explains, "[t]he authorization contemplated by the Supervision Act was designed to establish the basis for exercise of the Board's power to cause appointments or dismissals without regard to the usual procedural, statutory, civil service or collective bargaining requirements." *Kenny, supra,* 336 N.J.Super. at 64, 763 A.2d at 784. The Superior Court's decision supports the conclusion that Defendants held an objectively reasonable belief that they were authorized by the Supervision Act to dismiss Plaintiff.

■ Furthermore, the language on the face of the Act states that Defendants had the authority to dismiss unclassified employees "without regard to any procedural or other statutory requirements." N.J.S.A. 52:27BB–66.1. The Defendants' authority in this respect appears to be unconditional and unwaivable. The plain language of the Act further supports the conclusion that Defendants held an objectively reasonable belief that they were au-

thorized by the Supervision Act to dismiss Plaintiff, regardless of his status as a tenured employee.[1] Therefore, Defendants are entitled to qualified immunity from liability under the facts as they are alleged here.

## C.

■ Count III of the Complaint alleges that Plaintiff's equal protection rights under the Fourteenth Amendment were violated by Defendants' actions. In his opposition to summary judgment, Plaintiff argues that N.J.S.A. 52:27BB–66.1 irrationally singles out unclassified employees in managerial positions from classified employees in managerial positions. Defendants argue that the express purpose of N.J.S.A. 52:27BB–66.1 makes such a distinction between classified and unclassified employees rational.

"To bring a successful claim under section 1983 for a denial of equal protection under the Fourteenth Amendment when the plaintiff does not allege membership in a suspect class or interference with a fundamental right, a plaintiff must show that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Little v. Terhune,* 200

---

1. It is important to note that absent the Supervision Act, N.J.S.A. 52:27BB–66.1, a tenured employee such as Plaintiff, is entitled to no more than due process protections with regard to termination. The essential elements of which require "notice and an opportunity ... to present reasons, either in person or in writing, why proposed action should not be taken...." *Pratt v. Thornburgh,* No.CIV.A. 85–972, 1987 WL 10707, at *3 (E.D.Pa. May 13, 1987) (quoting *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985)). A tenured employee is therefore entitled to "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id.* In the instant case, Plaintiff was

afforded the opportunity to respond and present reasons why he should not be removed from his position as CFO. Specifically, Plaintiff, while represented by counsel, (1) had an opportunity to cross-examine witnesses and testify at a meeting before the Board on February 14, 2001, and (2) was provided the opportunity to produce several witnesses to support his testimony, cross-examine witnesses, and testify at a hearing before the Board on June 25, 2001. Therefore, since Plaintiff was provided an opportunity to respond and present reasons why he should not be removed from the CFO position, the fundamental requirements of due process are satisfied. *Pratt,* 1987 WL 10707 at *4; *Loudermill,* 470 U.S. at 546, 105 S.Ct. at 1495.

F.Supp.2d 445 (D.N.J.2002) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000)). Since Plaintiff does not allege membership in a suspect class, he must establish that he was impermissibly and irrationally treated differently from others similarly situated.

For the reasons stated above, Defendants held an objectively reasonable belief that they were authorized by the Supervision Act to dismiss Plaintiff. Therefore, Defendants are entitled to qualified immunity from liability for suits brought under § 1983.

## IV.

The Court will now turn its attention to Plaintiff's CrossMotion for Leave to File an Amended Complaint asserting a claim alleging a violation of his rights under the Impairment of Contracts Clause of the United States Constitution. Federal Rule of Civil Procedure 15(a) provides that, once defendant has answered or otherwise moved with respect to a plaintiff's complaint, "a party may amend [its] pleading only by leave of court or by written consent of the adverse party" and that such "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The decision whether to grant or deny a motion for leave to amend is within the sound discretion of the district court. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir.2001). The federal rules generally embody a liberal approach to permitting amendment of pleadings. *See Heyl & Patterson International, Inc. v. F.D. Rich, Inc.*, 663 F.2d 419, 425 (3d Cir.1981) (" 'Courts have shown a strong liberality ... in allowing amendments under Rule 15(a)' ") (quoting 3 *Moore's Federal Practice* ¶ 15.08(2) at 15–59 (2d ed.1980)); *Johnson v. Trueblood*, 629 F.2d 287, 297 (3d Cir.1980).

■ However, notwithstanding the liberality with which courts have generally approached Rule 15 motions, a district court has the discretion to deny a request for leave to amend a complaint "if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *See Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir.2000) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

In the present case, Plaintiff requests leave of court to amend his complaint to include a claim alleging a violation of his rights under the Impairment of Contracts Clause of the United States Constitution. Plaintiff claims a contractual right to employment pursuant to N.J.S.A. 40A:9–140.8, which grants tenure of office to any person who has served as chief financial officer of a municipality for four consecutive years. Plaintiff argues that by acting under N.J.S.A. 52:27BB–66.1, which granted the State the power to authorize the dismissal of unclassified persons in managerial positions without regard to the statutory requirements of tenure, the Local Finance Board deprived Plaintiff of his constitutional right against impairment of contractual obligations, because his contractual right to tenured employment became "vested" prior to the passage of N.J.S.A. 52:27BB–66.1.

Defendants oppose Plaintiff's cross-motion to amend on the grounds that Plaintiff's proposed amendment, alleging a violation of Plaintiff's rights under the Impairment of Contracts Clause, brought forth in these circumstances, is futile. In support of their motion, Defendants argue that Plaintiff's claim of a contract right to employment fails because the scope of the Contracts Clause does not

include the appointment to, and tenure of, public office.

Given the liberal standard applied to the amendment of pleadings, courts place a heavy burden on opponents who wish to declare a proposed amendment futile. The Third Circuit has stated that "the trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir.1983). Thus, if the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend. If a proposed amendment is not clearly futile, then denial of leave to amend is improper." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §§ 1487, at 637–642 (2d ed.1990) (footnote omitted).

To demonstrate that a claim is "legally insufficient on its face," and that it could not withstand a motion to dismiss, the opposing party must be able to demonstrate that "it appears beyond doubt that the [party] can prove no set of facts in support of [the] claim which would entitle [the party] to relief." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

In the instant case, we must decide whether Plaintiff can assert a contractual right to public employment which could have been impaired. If Defendant can show that Plaintiff cannot assert a contractual right to his position, then it will be impossible for Plaintiff to claim entitlement to relief under the Contracts Clause. *State of Indiana ex rel. Anderson v. Brand*, 303 U.S. 95, 58 S.Ct. 443, 82 L.Ed. 685 (1938).

It is well-settled that a person appointed to public office cannot claim to have a contractual right to employment protected by the Contracts Clause of the Constitution. The New Jersey Supreme Court has held that "public officers do not have 'contractual' rights to specific terms of compensation and employment within the meaning of the [Contracts] Clause." *Matter of Peter J. Coruzzi*, 95 N.J. 557, 581, 472 A.2d 546, 557 (1984) (citing *Butler v. Pennsylvania*, 51 U.S. (10 How.) 402, 13 L.Ed. 472 (1850)); *Springfield v. Pedersen*, 73 N.J. 1, 372 A.2d 286 (1977). In *Butler*, the United States Supreme Court held that "the appointment to and the tenure of an office created for the public use, and the regulation of the salary affixed to such an office, do not fall within the [Contracts Clause]." *Butler, supra*, 51 U.S. at 417.

In 1974, Plaintiff was appointed CFO of Camden and therefore was a public officer[2] for that municipality. As a public officer, Plaintiff cannot claim a contractual right to employment within the meaning of the Contracts Clause. Since Plaintiff is precluded from asserting a contractual right to his public office, it is impossible for him to prove any set of facts that would entitle him to relief. Therefore, Plaintiff's claim is futile and we will exercise our authority under Federal Rule of Civil Procedure 15(a) to deny Plaintiff's Cross Motion for Leave to Amend the Complaint.

## V.

For the reasons set forth above, the present motions will be granted in part and denied in part. Defendants' Motion for Summary Judgment is granted. The Court will deny Plaintiff's Cross Motion

---

**2.** A "public officer" is defined as "a person holding a post to which he has been legally elected or appointed and exercising governmental functions." *Webster's Third New International Dictionary* 1836 (1993).

for Leave to File an Amended Complaint. The Court will issue an appropriate order.